590 A.2d 1375

**MORGAN CORPORATION and Commercial Union Insurance Co., Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (STROCK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 1991.

Decided May 7, 1991.

Michael T. Dolan, Swartz, Campbell & Detweiler, Philadelphia, for petitioners.

Warren H. Prince, Prince Law Offices, Bechtelsville, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Morgan Corporation (Employer) and Commercial Union Insurance Company (collectively Appellants) appeal an order of the Workmen's Compensation Appeal Board (board) affirming the decision of a referee which set aside a final receipt, reinstated benefits and awarded attorney's fees to Claimant.

Claimant injured his back on May 4, 1982, when he lifted a piece of metal while working for Employer. He received benefits in the amount of $224.67 per week for this injury pursuant to a notice of compensation payable. Claimant

returned to light-duty work on November 16, 1982 and executed a final receipt of compensation on December 16, 1982. Claimant continued working until November 6, 1984 and filed a petition to set aside final receipt against Appellants on February 15, 1985. Appellants denied all of the allegations in the petition and joined Hartford Insurance Company as an additional defendant. The final receipt was set aside in what the referee referred to as an interlocutory order dated April 20, 1987. The contents of the order are as follows:

## INTERLOCUTORY 410 ORDER
## FINDINGS OF FACT

1. Commercial Union Companies and Hartford Insurance Company, the carriers in the above captioned matter, agree that the Claimant is disabled and that the remaining issues before the Referee pertain to the question of liability between the two carriers.

2. Claimant's original injury occurred on 5-4-82, at which time he was earning an average weekly wage of $337.81 with an applicable Compensation Rate of $224.67 per week.

## ORDER

The Petition to Set Aside Final Receipt, filed on or about February 8, 1985, is GRANTED. The Defendants are hereby ORDERED and DIRECTED to pay to the Claimant, David J. Strock, $224.67 from November 6, 1984 up to the present time and continuing into the future until such time as the Claimant recovers, or further Order of Court, with Interest at the rate of 10% per annum on deferred payments of Compensation. Each Insurance Carrier shall pay one-half of such Compensation, Interest and medical expenses.

The Defendants are also ORDERED and DIRECTED to pay the Claimant's reasonable and necessary medical bills and any further medical expenses which may be incurred due to his disability.

The Defendants are also ORDERED and DIRECTED to pay to Warren H. Prince, Esquire, a Counsel Fee of 20% of the foregoing Award out of Claimant's share of the said Award, not including medical expenses.

On September 2, 1988, the referee entered a final order by the terms of which he directed Appellants to pay Claimant compensation benefits in the amount of $224.67 per week beginning November 6, 1984, with interest on deferred payments, plus items incurred as litigation expenses; and to pay Claimant's attorney twenty percent of all compensation awarded. The board affirmed the decision of the referee.

■ On appeal,[1] Appellants raise the following issue: "whether the referee erred as a matter of law by assessing ongoing counsel fees where Defendant [Employer] established a reasonable basis for contest based on factual and medical testimony which substantiated the defense of aggravation of a pre-existing condition and raised a bona fide issue as to the extent of disability."

■ Under Section 440 of The Pennsylvania Workmen's Compensation Act (Act),[2] the referee is required to impose

1. Our scope of review of an order of the Workmen's Compensation Appeal Board is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact were supported by substantial evidence. *SEPTA v. Workmen's Compensation Appeal Board (Scott)*, 136 Pa.Commonwealth Ct. 98, 582 A.2d 421 (1990).

2. Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996 provides as follows:

   § 996.  Contested cases regarding liability, attorney's fees and other costs; limitation and calculation

   In any contested case where the insurer has contested liability in whole or in part, the employee or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: and provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be

attorney's fees and other costs, in addition to the award of compensation benefits, unless a reasonable basis for the contest has been established.

Appellants argue that the contest was reasonable because they presented factual and medical testimony which substantiated the defense of aggravation of a pre-existing condition and raised a bona fide issue as to the extent of disability. Appellants argue further that the entry of the interlocutory order indicates that there was a genuine dispute as to which insurance carrier was liable. In the alternative they argue that counsel fees should be limited and not ongoing.

■ As to the first part of Appellants' argument, we note that whether a contest is reasonable is a question of law for this court, based on our examination of the record. *MacNeil v. Workmen's Compensation Appeal Board (Denny's Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988). Review of the record reveals that Appellants presented the medical testimony of Dr. Saland to show that Claimant's injury was aggravated, rather than having recurred, and to show that Claimant was partially rather than totally disabled.

■ Employer claims that Dr. Saland testified that Claimant's condition was aggravated rather than having recurred. Our review of the record reveals that this testimony was offered to place liability for compensation on Hartford Insurance Company, which was Employer's carrier when Claimant worked in the light-duty position. Whether Claimant's injury was aggravated or recurred is only relevant to the question of liability between the two carriers. It is not relevant to the issue of whether Claimant

based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements, or other payment arrangements or to *set aside final receipts*, where the contested issue, in whole or in part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs hereinabove set forth. (Emphasis added.)

is entitled to benefits from Employer. Therefore, this evidence does not establish that Employer had a reasonable basis for contesting Claimant's petition.

Employer also argues that Dr. Saland testified that Claimant was partially rather than totally disabled. However, the record is clear that this testimony does not raise an issue as to the extent of disability, as Appellants argue, and therefore forms no basis for a reasonable contest.

Instead, the testimony of Dr. Saland supports the claim of total disability, because Dr. Saland testified as to his diagnosis of Claimant and the restrictions which he would place on Claimant and concluded that Claimant is not capable of working at even a light-duty job. Employer's reliance on Dr. Saland's testimony fails to show a reasonable basis for the contest.

The second part of Appellants' argument centers around the referee's interlocutory order entered pursuant to Section 410 of the Act.[3] The pertinent part of this section reads as follows:

. . . .

> Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the carrier or two or more defendants or carriers, the referee of the department to whom the claim in such case is presented shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the departments' referee or the board on appeal, render a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.

Employer argues that the order constitutes evidence that there was a reasonable contest because the referee left open the issue of which insurance company is liable. Employer ignores the fact that the referee's order also grants

3. 77 P.S. § 751.

Claimant's petition to set aside the final receipt, thereby resolving, in Claimant's favor, the issue of whether Employer was liable. After the order was entered, the only remaining issue was which insurance company was liable. This is a controversy among parties on the same side, not a controversy between Employer and Claimant. Employer cannot rely upon such a controversy as evidence of a reasonable contest on his part.

Having concluded that there was no reasonable contest, we turn to the question of whether continuing attorney's fees should have been awarded. Appellants argue that attorney's fees should be limited in duration to the period between the filing of the petition to set aside final receipt, and the entry of the interlocutory order, because Claimant began receiving compensation when the order was entered.

Where Employer has contested the petition to set aside final receipt and that contest was unreasonable, the point in time at which Claimant began receiving benefits pursuant to the order has no bearing on the award of counsel fees. The fact remains that Employer did contest the petition and did not pay Claimant until required to do so by the interlocutory order. Claimant was forced to bear the burden of proving his case, despite the fact that Employer had no basis for contesting. Employer's contest did not become reasonable when the referee entered the interlocutory order. Employer has advanced no reason why the award should be limited, and not continuing.

Accordingly we affirm the order of the board.

## ORDER

AND NOW, May 7, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.