FRANKLIN STEEL COMPANY and
The PMA Group, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (Robert L. CLARK and
Liberty Mutual Insurance Company),
Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 5, 1995.

Decided Aug. 23, 1995.

Order Granting Limited Reconsideration
Oct. 24, 1995.

Richard E. Bordonaro, for petitioner.

Samuel S. Blaufeld, Pamela M. Schiller, Barbara E. Holmes, and Joel B. Kundin, for respondents.

Before SMITH and KELLEY, JJ.,
KELTON, Senior Judge.

KELTON, Senior Judge.

Employer Franklin Steel Company and its insurer, the PMA Group (PMA), petition for review of the November 22, 1994 order of the Workers' Compensation Appeal Board (Board) affirming Workers' Compensation Judge (WCJ) Seacrist's decision to grant Claimant Robert C. Clark's petition to set aside final receipt relating to his work injury of December 20, 1990, deny PMA's petitions for joinder, deny PMA's petitions for review and direct PMA and Liberty Mutual Insurance Company to reimburse Claimant's bills of costs and attorney's fees. We reverse in part and affirm in part.

### Issues

Two issues are before us for review: (1) whether PMA is required to continue to pay the full amount of Claimant's total disability payments when Claimant's disability is concurrently caused by two separate work injuries and another insurance company, Liberty Mutual, is solely liable for the second injury; and, (2) whether the Board erred in awarding Claimant attorney's fees for unreasonable contest.

### Facts

The following facts are not in dispute. On June 22, 1989, Claimant suffered an injury to his *left* shoulder while working for Employer. Claimant underwent surgery and became totally disabled. Pursuant to a notice of compensation payable dated January 21, 1990, PMA paid Claimant total disability payments of $399.00 per week. Claimant returned to work on October 1, 1990 and signed a final receipt.

On December 20, 1990, while still working for the same employer, Claimant suffered another work injury, this time to his right shoulder. As a result of this injury, Claimant became totally disabled effective January 31, 1991 and underwent surgery on the right shoulder. Pursuant to a notice of compensation payable issued February 13, 1991, Liberty Mutual, Employer's new insurer, paid Claimant total disability benefits in the amount of $305.15 per week. Claimant executed a final receipt on or about May 23, 1991. He did not return to work, however, due to residuals from his *left* shoulder injury.

On May 23, 1991, Claimant underwent a second surgery on his left shoulder and on June 28, 1991 PMA instituted total disability benefits by supplemental agreement, nullifying the final receipt signed on October 1, 1990. On August 12, 1991, Claimant returned to light-duty work and his disability benefits were modified to partial pursuant to a supplemental agreement dated September 5, 1991. Claimant underwent a third surgical procedure on his left shoulder on October 25, 1991 and PMA reinstituted total disability benefits effective October 24, 1991 and continues to pay them today. Claimant next underwent a *right* shoulder arthroscopy on December 20, 1991 and Liberty Mutual paid the medical expenses relating to that procedure.

After hearing the medical evidence presented by both Claimant and PMA, WCJ Seacrist made the following findings of fact:

5. a. The claimant had not fully recovered from his left shoulder injury, nor sufficiently recovered from his left shoulder injury so as to be capable of performing any suitable available work "but for" the right shoulder injury, as of any material time;

b. The evidence presented does not establish that the claimant's total disability commencing October 24, 1991, arose out of his December 20, 1990 right shoulder injury, nor that it otherwise did not arise out of his June 22, 1989 left shoulder injury;

c. The claimant was not fully recovered and in fact still suffered a residual impairment when he executed the Final Receipt for Liberty Mutual relating to his right shoulder injury; and

d. Since at least June 3, 1992, the residuals from each of the subject work injuries, including postural tremors of both hands, have been substantial factors contributing to the claimant's overall total disability.

(Finding of Fact No. 5.) WCJ Seacrist found all the testimony presented to be credible.

WCJ Seacrist further noted that Claimant had not retained the service of an attorney prior to this litigation and he advised Claimant to do so. Once retained, Claimant's counsel filed a petition to set aside the final receipt. Liberty Mutual filed an answer denying the averments in Claimant's petition. WCJ Seacrist found that both insurers pursued theories in their examination of the medical experts to find evidence that the Claimant's disability was caused by something other than his work accidents.

WCJ Seacrist concluded that Claimant had met his burden of proof that the final receipt he signed relating to his right shoulder injury should be set aside. He further concluded that PMA is not entitled to an order directing Liberty Mutual to pay some share of Claimant's total disability benefits because PMA did not prove that Claimant is no longer disabled as a result of the work injury for which it is liable. WCJ Seacrist concluded that there is no basis in law for PMA's assertion that disability benefits due a claimant who suffers residuals from more than one work injury should be pro-rated among various carriers liable for other injuries.

WCJ Seacrist ordered that PMA and Liberty Mutual pay Claimant's attorney's fees in equal shares because neither established a reasonable basis for this contest. PMA brought this action to advance a legal theory that had no basis in law. Claimant was required to retain counsel and incur legal fees in order to protect his interests. Liberty Mutual presented no evidence to justify contesting Claimant's petition to set aside final receipt.

Both PMA and Liberty Mutual appealed WCJ Seacrist's decision to the Board. The Board affirmed his decision to hold PMA solely liable for the full amount of Claimant's total disability benefits because PMA's supplemental agreement to pay total disability benefits is still outstanding since there has been no final receipt signed or order of a WCJ suspending or terminating benefits. Further, WCJ Seacrist set aside the final receipt signed by Claimant for his right shoulder injury and suspended Claimant's benefits for that injury. The Board stated that based on

> the fact that Liberty Mutual's liability has been suspended, and PMA's liability is still outstanding, we hold the burden was upon PMA, not to prove that each injury contributes to Claimant's disability equally; the burden was upon PMA to prove that the Claimant's current disability is not the result of the June 22, 1989, injury but due entirely to some other cause.

(Board's Opinion at 5, Petitioner's Brief at 39.) The Board held that, having failed to meet its burden of proof, PMA was not entitled to a suspension or termination of benefits. The Board further noted that there is no provision in the Pennsylvania Workers' Compensation Act (Act) allowing for an allocation of benefits.[1]

■ The Board further affirmed WCJ Seacrist's grant of attorney's fees based on unreasonable contest because proof that Claimant's current disability is the result of two separate work-related injuries which now contribute equally to his disability is not proof that the agreement to pay benefits is materially incorrect.[2]

### Discussion

#### A. Apportionment

■ PMA essentially argues that it is unfair to make it pay all of Claimant's total disability benefits when Claimant's disability is equally caused by his December 20, 1990 injury for which Liberty Mutual is liable. While PMA admits that there is no case law supporting its position, it points out that neither is there any case law prohibiting apportionment among equally liable insurance carriers. We agree with PMA that under the facts of this case, there should be

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1–1031.

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

an equal apportionment of wage loss benefits commencing as of the date of Dr. Iorio's examination on July 3, 1992.

The Act does provide for pro-rating benefits under some circumstances. Section 322 of the Act provides, in pertinent part, as follows:

> Nothing in this section shall be deemed to prohibit payment of workers' compensation on a pro-rata basis, where an employe suffers from more than one injury while in the employ of more than one employer: Provided, however, That the total compensation paid shall not exceed the maximum weekly compensation payable under this act.... 77 P.S. § 677.

■ Pursuant to that section, benefits may be pro-rated among different *employers*. It does not provide for pro-rating benefits among different *insurers* of the *same* employer. However, Section 401 of the Act defines "employer" as "the employer as defined in article one of this section, or his duly authorized agent, *or his insurer if such insurer has assumed the employer's liability* or the fund if the employer be insured therein." 77 P.S. § 701 (Emphasis added.) Applying that definition to Section 322 would mean that the Act does not prohibit pro-rating among different insurance companies. Further, Section 322 evidences a policy of the legislature to allow for pro-rating of benefits when it would be equitable to do so.

The Board and Claimant rely upon *East West Equipment Co. v. Workmen's Compensation Appeal Board (Monarch Circuit Industries)*, 128 Pa.Commonwealth Ct. 18, 562 A.2d 958 (1989), which involved the issue of apportionment between two separate employers for successive injuries to the *same* body part. There, we held that liability could not be equally apportioned because, although the medical testimony indicated that the claimant's disability was caused by both work injuries, it could not specify how much each injury contributed to the disability. In a footnote, we noted that there was no authority in the Act for apportioning liability between two employers. We further noted that other jurisdictions have recognized apportionment of liability between successive employers and their respective insurance companies.

*East West* is obviously distinguishable from the case before us. It did not address the issue of two separate work-related injuries to different body parts, each contributing equally to Claimant's disability and each covered by a separate insurance carrier.[3] Further, since *East West* was decided, the Act has been amended and Section 322, discussed above, was added. The Act now allows for apportionment of liability between separate employers.

In the past, the courts have allowed for apportionment of liability between joint employers. In *Hatter v. Lenox*, 206 Pa.Superior Ct. 263, 212 A.2d 916 (1965), the Superior Court held that two doctors who employed a single receptionist were jointly liable for her work-related injury. If the liability of joint employers and successive employers may be apportioned, we can conceive of no rational reason for prohibiting apportionment among successive insurance companies.

■ Despite the lack of case support for pro-rating benefits among different insurance companies in the workers' compensation arena, pro-rating liability and damage awards among joint obligors is amply supported. The liability imposed upon employers by the Act is analogous to the liability imposed upon manufacturers and retailers in products liability law; and it has long been a part of this Commonwealth's common law that a person who is jointly liable with others but who has paid more than his share of the joint liability, may compel the other liable parties to reimburse him proportionately.

3. Dr. Louis J. Iorio testified that both shoulder injuries contributed equally to Claimant's disability:

> A. In my opinion the shoulder complaints would both contribute equally. At the time of my examination there was no significant difference between the clinical findings of one shoulder versus the other. Nor was there any significant difference in the level of the patient's subjective complaints referable from one shoulder to the other. Therefore, I believe that both would continue to contribute equally at the time of my evaluation.

(R.R. at 107a.)

*See, e.g., Horbach's Administrators v. Elder,* 18 Pa. 33 (1851).

■ In both workers' compensation and in products liability cases, the defendant is strictly liable and fault does not play a role in assessing damages or benefits. In products liability, where two tortfeasors are equally responsible for an injury then both tortfeasors are equally liable and the damages may be prorated between the two. *Walton v. Avco Corp.,* 530 Pa. 568, 610 A.2d 454 (1992), (manufacturer of a defective helicopter engine part and helicopter manufacturer, both held wholly liable for causing the death of the victims where it was impossible to determine that one defendant was more liable than the other; apportionment of damages should be made on a pro-rata basis).

As in *Walton,* the two defendants, PMA and Liberty Mutual, are both liable for Claimant's total disability. Each injury is a substantial contributing factor to Claimant's disability and each insurance company should pay its pro-rata share of Claimant's benefits.

Based on the above analysis, we must conclude that the Board erred as a matter of law in ordering that PMA continue to pay all of Claimant's total disability benefits. PMA is entitled to an order requiring that Liberty Mutual pay its pro-rata share of Claimant's total disability benefits.

### B. *Attorney's Fees*

■ Under Section 440 of the Act, the WCJ is required to impose attorney's fees and other costs in addition to the award of compensation benefits unless "a reasonable basis for the contest has been established." 77 P.S. § 996. The question of reasonableness of an employer's contest is one of law, which must be based on facts as found by the WCJ and be supported by substantial evidence of record. *Drayton v. Workmen's Compensation Appeal Board (Fruehauf*

Corp.*),* 122 Pa.Commonwealth Ct. 344, 551 A.2d 680 (1988). An employer's contest will be considered reasonable if a genuinely disputed issue was present. *Landis v. Workmen's Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 491, 402 A.2d 723 (1979).

■ In *Morgan Corp. v. Workmen's Compensation Appeal Board (Strock),* 139 Pa.Commonwealth Ct. 520, 590 A.2d 1375 (1991), the referee had issued a Section 410 order which resolved the issue of whether or not the employer was liable.[4] The only remaining issue in that case was which one of the single employer's two insurance companies was liable for the claim. We found that a controversy between an employer's two insurance companies as to which insurance company was liable was "a controversy among parties on the same side, not a controversy between Employer and Claimant. Employer cannot rely upon such a controversy as evidence of a reasonable contest on his part." *Id.* at 527, 590 A.2d at 1378.

As in *Morgan,* the issue here is the liability of two insurers representing the same employer. Neither insurer had a reasonable contest with the Claimant.

### Conclusion

For the reasons stated above, we reverse the order of the Board dismissing PMA's appeal and order Liberty Mutual to pay half of Claimant's workers' compensation beginning on July 3, 1992 and continuing into the future. We affirm the order of the Board awarding Claimant attorney's fees for unreasonable contest.

### *ORDER*

**AND NOW,** this 23rd day of August, 1995, the order of the Workers' Compensation Appeal Board dated November 22, 1994 at No.

---

4. Section 410 of the Act provides as follows: Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the carrier or two or more defendants and carriers, the referee ... to whom the claim in such a case is presented shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the ... referee or

the board on appeal, renders a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.

77 P.S. § 631.

A93–1480 is reversed as to the apportionment of disability benefits and affirmed as to the award of attorneys' fees.

It·is further ordered that commencing July 3, 1992 the Workers' Compensation benefits payable to Claimant shall be paid one-half by Liberty Mutual Insurance Company and one-half by The PMA Group. We also order that each insurer's share of their joint liability of $399.00 per week shall be $199.50 each.

### ORDER

AND NOW, this 24th day of October, 1995, upon consideration of the application for reargument filed by Liberty Mutual Insurance Company and the letter response of the PMA Group, we hereby grant the application for the limited purpose of reconsideration of the effective date of apportionment of benefits and fixing the amount of benefits. In all other respects the application is denied.

Following reconsideration, we hereby order that the commencement date for PMA and Liberty Mutual to share in compensation payments to Claimant as set forth on line 3 of the concluding paragraph of the opinion shall be July 3, 1992 and that this Court's final order is hereby amended to read as follows:

The order of the Workers' Compensation Appeal Board dated November 22, 1994 at No. A93–1480 is reversed as to the apportionment of disability benefits and affirmed as to the award of attorneys' fees.

It is further ordered that commencing July 3, 1992 the Workers' Compensation benefits payable to Claimant shall be paid one-half by Liberty Mutual Insurance Company and one-half by the PMA Group. We also order that each insurer's share of their joint liability of $399.00 per week shall be $199.50 each.

[Editor's Note: Changes incorporated for purposes of publication.]