Fred BENJAMIN, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (FURLONG MANUFACTURING COMPANY), Respondent.

FURLONG MANUFACTURING COMPANY and PMA Group, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (BENJAMIN), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 27, 1995.

Decided Feb. 5, 1996.

Reargument Denied March 28, 1996.

---

Gerard G. Bernhardt, Jr., for Petitioner.

Howard M. Ellner, for Respondent.

Before COLINS, President Judge, DOYLE, J., and RODGERS, Senior Judge.

RODGERS [1], Senior Judge.

Fred Benjamin (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed in part and reversed in part a Workers' Compensation Judge's (WCJ) decision directing Furlong Manufacturing Company and its insurance carrier PMA (collectively, Employer) to pay legal fees under the Workers' Compensation Act (Act).[2] We vacate and remand with instructions.

The following facts are not in dispute. Claimant suffered a rotator cuff tear of his right shoulder on July 17, 1977, while in the course of employment as a manager of a factory outlet for Employer when he was carrying a sheet of plywood and slipped on a set of wet steps. Claimant did not immediately file for workers' compensation benefits, but continued to work at a modified position for over two years while receiving his full pre-injury salary of $310.00 per week. For a brief period in 1979, Claimant was elevated again to his pre-injury job as manager. However, in September 1979, Employer informed Claimant that it was dissatisfied with Claimant's performance as manager and that he could return to the modified position, but for a salary reduced by thirty-five percent

---

1. This case was reassigned to the author on January 5, 1996.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

(35%). In response, Claimant discontinued employment and filed a claim for workers' compensation benefits.

In a decision issued January 20, 1983 (Decision 1), a Referee [3] awarded total disability benefits, finding that Employer offered the modified job at a reduced wage in bad faith, and that Employer did not satisfy its burden of proving that the modified position was within the medical restrictions imposed and compatible with Claimant's educational and vocational background. In so doing, the Referee rejected Employer's argument that only a partial disability existed because the modified job was both available and within Claimant's physical abilities as evidenced by the fact that he had performed the duties of the modified position for over two years.

Employer appealed to the Board. In an opinion and order dated October 13, 1983 (Order 1), the Board reversed, holding that the Referee's conclusion that Claimant was totally disabled was not supported by the record. The Board stated, in part:

The Referee, in Conclusion of Law 2, found the claimant totally disabled since the date of the accident. This conclusion is not supported by the record. In fact claimant's own expert, Dr. Stein, indicated that he is only partially disabled and the claimant actually worked for two years during the period the Referee found him to be totally disabled. Since we find there is no evidence to support the Referee's Conclusion of Law that the claimant is totally disabled, we reverse the Referee. Ofcansky v. Workmen's Compensation Appeal Board, [69 Pa.Cmwlth. 249] 450 A.2d 806 (1982).

When the record supports only a finding of partial disability, the Referee must consider the evidence of job availability. We note there was uncontroverted evidence of a modified job available to the claimant at a reduced salary. Consequently, the claimant should be paid partial disability

for the difference between his original salary and the reduced salary for the modified job. [Marcks v. Workmen's Compensation Appeal Board, 65 Pa.Cmwlth. 107, 442 A.2d 9 (1982)].

Board's Opinion, October 13, 1983, at 2. Accordingly, the Board remanded the matter to the Referee with specific instructions to make findings on job availability.

In a May 10, 1984 decision issued on remand (Decision 2), the Referee seemingly ignored the instructions of the Board and, instead, repeated his initial Decision 1 findings that the modified reduced-salary job was offered in bad faith by Employer and that Claimant was totally disabled and entitled to commensurate total disability benefits.

Employer again appealed to the Board. By opinion and order dated January 10, 1986 (Order 2), the Board again held that the Referee's finding of total disability was not supported by evidence in the record. Quoting its Order 1, the Board again remanded the matter to the Referee with identical instructions to make additional findings of fact on job availability.[4]

Inexplicably, after the case was remanded to the Referee, no action was taken in the matter for over six years. When the case was finally reviewed by a WCJ pursuant to a petition filed by Claimant's new counsel, a single order dated July 5, 1994 (Decision 3) was entered directing Employer to pay all escrowed legal fees to Claimant's counsel and to continue payment of such fees until the WCJ entered a final order. The WCJ made no findings of fact or conclusions of law, nor did he rule on the benefits issue, nor did he make any reference to the findings the Board had twice instructed the Referee to make regarding job availability.

Employer appealed the WCJ's Decision 3 to the Board and Claimant filed a motion to quash Employer's appeal, arguing that the order appealed is interlocutory. By an order and opinion dated January 17, 1995 (Order

---

**3.** Pursuant to Section 14 of Act 44, Act of July 2, 1993, P.L. 190, 77 P.S. § 701, following August 31, 1993, referees are to be called Workers' Compensation *Judges. However,* for decisions made *prior to* that date, we continue to refer to referees as such and not as judges.

**4.** Claimant filed a petition for review of the Board's second opinion and order with this Court on February 7, 1986. By order dated May 26, 1987, we granted Employer's petition to quash the petition for review because the Board's order was interlocutory.

3), the Board stated that, although it was willing to agree with Claimant's argument that Order 3 is interlocutory, it was unwilling to remand the case a third time and, instead, elected to resolve the case on the merits of the legal issues involved without any additional fact finding. Board's Order 3, at 3. On appeal, the Board affirmed the WCJ in part by ordering all escrowed counsel fees be paid to Claimant's counsel, and, further, purported to reverse the WCJ in part by ordering all benefits suspended. Specifically, on the issue of benefits, the Board ruled for the third time that the Referee erred eleven years before in finding that Claimant was entitled to total disability benefits. Further, the Board held that Claimant's right to partial benefits had ceased because the 500 weeks limitation on receipt of benefits had passed since the date from which benefits began.[5]

■ Claimant now appeals the Board's Order 3 to this Court, urging the reinstatement of the two initial Referee's decisions and raising the issue of whether the Board committed an error of law. In addition, Employer also appeals the Board's Order 3, seeking review of the Board's instruction that Employer pay counsel fees, and asking that the undefined amount of those fees be fixed.[6] On appeal,[7] therefore, we are faced with those two issues. The formerly separate appeals have been consolidated into this single case.

■ Although we agree with the Board that it is possible to make a final adjudication with the facts as found in the first two Referee's decisions, we are precluded from doing so here. A decision of a WCJ that does not dispose of all claims or of all parties is interlocutory. *See generally Lamberson v. Workmen's Compensation Appeal Board*

(*U.S.Silica*), 654 A.2d 668 (Pa.Cmwlth.1995); *Morgan Corp. v. Workmen's Compensation Appeal Board (Strock)*, 139 Pa.Cmwlth. 520, 590 A.2d 1375 (1991). In the case before us, Decision 3 is the only decision from the referee level under review. That decision is clearly interlocutory and, therefore, the Board incorrectly entertained its appeal. *Id.* We note that the Board is justified in its expression of frustration with the Referee and his apparent failure to comply with two direct Board orders on remand. Nothing in the record either explains or excuses the behavior of the Referee in this regard. However, the Board's jurisdiction is limited to a review of the decision brought before it by the parties. Without a final order or a proper petition from either party, we, like the Board, are unable to reach the merits of Decisions 1 and 2 of the Referee, or the clearly interlocutory Decision 3 of the WCJ.

■ Accordingly, we must vacate the Board's Order 3. However, because of the extraordinary circumstances that have occurred here, and in the interests of justice and economy of resources, and as urged by the parties, we remand this case with instructions to the Board to make findings of fact through the use of a WCJ as the Board's hearing officer who will report testimony taken back to the Board. The Board is then ordered to make a final adjudication. This is so ordered pursuant to Section 419 of the Act, 77 P.S. § 852, and 34 Pa.Code § 111.35(d).

### ORDER

NOW, February 5, 1996, we vacate the January 17, 1995 order of the Workmen's Compensation Appeal Board and remand the case to the Board with instructions to make

---

5. By additional order dated March 1, 1995, the Board granted Employer's request for supersedeas pending appeal to this Court.

6. Both parties argue that further remand to the WCJ is unnecessary and unwelcome, and urge a final adjudication from this Court in the interests of justice and economy of resource. *See* Brief of Petitioner at 9; Brief of Respondent at 13.

7. Where both parties have presented evidence in a workers' compensation case, our scope of review is limited to the determination of whether an error of law has been committed, whether constitutional rights have been violated, or whether necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Stiner v. Workmen's Compensation Appeal Board (Harmar Coal Co.)*, 167 Pa.Cmwlth. 264, 647 A.2d 981 (1994), *petition for allowance of appeal denied*, 539 Pa. 698, 653 A.2d 1235 (1994).

findings of fact through the use of a Workers' Compensation Judge as the Board's hearing officer who will report testimony taken back to the Board. We direct that this procedure is to be completed within ninety (90) days of the date of this order. The Board is then ordered to make a final adjudication, which we direct should be issued within sixty (60) days following the report from the Workers' Compensation Judge.

Jurisdiction relinquished.