John **GROLLER,** Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (ALSTROM ENERGY SYSTEMS),** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 2005.

Decided March 1, 2005.

Publication Ordered May 5, 2005.

David F. Stern, Philadelphia, for petitioner.

Cal A. Leventhal, Honesdale, for respondent.

BEFORE: COLINS, President Judge, PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

John Groller (Claimant) appeals an order of the Workers' Compensation Board of Review (Board) reversing a decision of the Workers' Compensation Judge (WCJ) that granted Claimant's Petition to Review Compensation Benefits (Review Petition).

The facts were stipulated to by the parties. On March 23, 1999, Claimant sustained a work-related injury to his lower back. By Notice of Compensation Payable, Alstrom Energy Systems (Employer) accepted liability for the injury. On July 30, 2002, three years and several months after the injury occurred, Employer requested the designation of a physician to perform an Impairment Rating Evaluation (IRE). Because this request was not made within 60 days after the two-year anniversary of Claimant's injury as required by Section 306(a.2)(1) of the Workers' Compensation Act (Act),[1] Claimant did not appear for the original IRE. As a result, Employer filed a petition seeking an order to compel Claimant to attend an IRE conducted by Dr. James Kim. Claimant filed a timely answer, alleging that the IRE was not requested in a timely fashion as required by Section 306(a.2)(1).

On January 3, 2003, the WCJ ordered Claimant to be examined by Dr. Kim for purposes of conducting the IRE (IRE Order). Claimant did not appeal that decision. The IRE examination took place on January 29, 2003, and Dr. Kim determined an impairment rating of 28 percent, and Employer's insurer changed Claimant's disability status to partial disability.

Claimant filed the Review Petition at issue in this case, alleging that his benefits should remain as temporary total disability because the IRE was not performed in a timely manner, citing our decision in *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 814 A.2d 884 (Pa.Cmwlth.2003), *petition for allowance of appeal granted*, 577 Pa. 703, 847 A.2d 59 (2004), which was decided on January 15, 2003, after the original IRE Order but before the Review Petition. In *Gardner*, we held that upon receipt of 104 weeks of total disability, the Employer must request an IRE within 60 days thereafter under Section 306(a.2)(1) of the Act.[2] In response, Employer contended that because Claimant never appealed the WCJ's original IRE Order, *res judicata* barred Claimant from re-litigating whether the original IRE request was timely since the IRE Order disposed of that issue and it became final when no appeal therefrom was taken.

Based on *Gardner*, the WCJ granted Claimant's request that his disability status should not be changed because the IRE request was untimely. On appeal,

---

1. Act of Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.2(1). That section provides in relevant part as follows:

 (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.

 77 P.S. § 511.2(1) (emphasis added). Employer therefore had 60 days to request the IRE beginning March 23, 2001. Its request came July 30, 2002.

2. In subsequent cases, we held that merely submitting to an IRE does not act as a waiver of the claimant who so submits to challenge the timeliness of the IRE request because a failure to attend an IRE can result in termination of benefits. *See Wellington Foods v. Workers' Compensation Appeal Board (Rice)*, 863 A.2d 151 (Pa.Cmwlth.2004); *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 826 A.2d 28 (Pa.Cmwlth.2003).

the Board reversed. It found that because Claimant did not appeal the IRE Order to take the physical examination Claimant's Review Petition was barred by *res judicata* because the IRE Order and the Review Petition involved the timeliness of Employer's request for an IRE. This appeal followed.[3]

 Because the *sine qua non* for the doctrine of *res judicata*[4] to apply is that there must be a final order, *Creighan v. City of Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957), the underlying question in this case is whether the IRE Order was a final order that must have been appealed by Claimant or whether that order was merely interlocutory, which is not appealable at all. If it was a final order, *res judicata* could bar Claimant's Review Petition. If the IRE Order was interlocutory, then *res judicata* simply cannot apply.

 Generally, any "decision of a WCJ that does not dispose of all claims or of all parties is interlocutory." *Benjamin v. Workers' Compensation Appeal Board (Furlong Mfg. Co.)*, 672 A.2d 364, 367 (Pa. Cmwlth.1996). Examples of interlocutory orders are orders granting or denying supersedeas; rulings on the admissibility of evidence; and orders requiring the production of evidence. *See, e.g., LeDonne v. Workmen's Compensation Appeal Board (Graciano Corp.)*, 686 A.2d 891 (Pa. Cmwlth.1996), *petition for allowance of appeal denied*, 548 Pa. 639, 694 A.2d 624 (1997). Furthermore, this Court has held that an order directing a claimant to submit to a medical examination is interlocutory. *See, e.g., H.K. Porter Co., Inc. v. Workmen's Compensation Appeal Board*, 100 Pa.Cmwlth. 393, 514 A.2d 996, 998–99 (1986); *Leaseway Systems, Inc., v. Workmen's Compensation Appeal Bd. (Becerra)*, 101 Pa.Cmwlth.118, 515 A.2d 995 (1986).

Because the IRE Order merely stated that Claimant was required to participate in the IRE and neither affected Claimant's benefits nor affected Employer's obligation to pay benefits, the IRE Order was a non-appealable, interlocutory order. Because the IRE Order is interlocutory, it is not a final order and cannot, by definition, work to bar the Review Petition under a *res judicata* theory. Accordingly, the order of the Board is reversed, and the order of the WCJ is reinstated.

### ORDER

AND NOW, this *1st* day of *March*, 2005, the order of the Board in the above-captioned matter is reversed, and the order of the WCJ is reinstated.

---

**3.** Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel)*, 833 A.2d 276 (Pa.Cmwlth. 2003), *petition for allowance of appeal denied*, 578 Pa. 703, 852 A.2d 314 (2004).

**4.** For *res judicata* to apply to bar an action, there must be a concurrence of four conditions: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or the capacity of parties suing or sued. *Reber v. Tschudy*, 824 A.2d 378, 382 (Pa.Cmwlth.2003).