**Sheila KUZO, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ST. LUKE'S MINER'S MEMORIAL MED CENTER and PMA Group), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2007.

Decided Nov. 9, 2007.

Gerald F. Strubinger, Jr., Palmerton, for petitioner.

Audrey J. Copeland, King of Prussia, for respondents.

BEFORE: COLINS, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Sheila Kuzo (Claimant) petitions for review of the May 14, 2007, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) granting the Petition for Physical Examination (Petition) filed by St. Luke's Miner's Memorial Med Center (Employer) and directing Claimant to attend and submit to a

physical examination for purposes of an impairment rating evaluation (IRE) pursuant to sections 306(a.2)(6) and 314 of the Workers' Compensation Act (Act).[1] We quash Claimant's petition for review.

Claimant sustained a work-related injury on September 18, 1996, and received benefits pursuant to a notice of compensation payable (NCP) describing the injury as a herniated disc at the C6–C7 level. (Findings of Fact, Nos. 2–3.) By order dated June 4, 2003, the NCP was amended to include a swallowing/esophagus problem and major depression as part of the description of Claimant's work-related injury. (Findings of Fact, No. 4.)

On March 6, 2006, Employer filed its Petition alleging that, on February 20, 2006, Employer requested Claimant to submit to a physical examination for purposes of an IRE and that Claimant refused or failed to appear for such examination. (Findings of Fact, No. 1.) Claimant filed an answer to the Petition stating that Employer is not entitled to an IRE because: (1) Employer failed to show that Claimant reached maximum medical improvement; and (2) the American Medical Association "Guides to the Evaluation of Permanent Impairment" (AMA Guides), 5th Edition, does not take into consideration an impairment rating for Claimant's accepted psychological injury, thereby rendering any IRE results invalid.[2]

Following a hearing, the WCJ issued a decision granting Employer's Petition and directing Claimant to attend and submit to a physical examination for purposes of an

---

1. Under section 306(a.2)(6) of the Act, Act of June 2, 1915, P.L. 736, added by section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(6), and section 314(b) of the Act, 77 P.S. § 651(b), an employer may request, and an employee must submit to, a physical examination to determine the degree of impairment due to the employee's compensable injury. The IRE is based upon an evaluation by a

physician made pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment" (AMA Guides).

2. Claimant notes that an IRE is only a physical examination, with impairment ratings drawn exclusively from the latest edition of the AMA Guides. However, Claimant points out that she has been awarded compensation

IRE.[3] In addition, the WCJ found that Employer had a reasonable basis for filing and prosecuting its Petition; therefore, the WCJ concluded that Claimant was not entitled to an award of counsel fees for an unreasonable contest. (Findings of Fact, No. 8; Conclusions of Law, No. 4.) On appeal, the WCAB affirmed,[4] and Claimant now petitions this court for review of that order,[5] arguing that the WCJ and the WCAB erred in granting Employer's Petition and in deciding that Claimant is not entitled to an award of counsel fees for unreasonable contest.

The question of whether an IRE is appropriate and/or valid in cases where the claimant suffers from a psychological injury is an issue of first impression. However, in *Groller v. Workers' Compensation Appeal Board (Alstrom Energy Systems)*, 873 A.2d 787 (Pa.Cmwlth.2005), *appeal denied*, 587 Pa. 708, 897 A.2d 1185 (2006), this court held that an order requiring a claimant to submit to an IRE is a non-appealable, interlocutory order.

Accordingly, because this court lacks jurisdiction to consider the matter at this juncture, we quash Claimant's petition for review.

### ORDER

AND NOW, this 9th day of November, 2007, the petition for review filed by Shelia Kuzo is hereby quashed.

---

for work-related major depression. Claimant maintains that the disabling effects of this psychological problem are not a proper subject for impairment ratings, and, in fact, the AMA Guides provide no formulae for such maladies. Because an impairment rating does not exist for her psychic injury, Claimant maintains that the IRE is inappropriate in that it necessarily will yield invalid results. Thus, Claimant asserts that Employer should be precluded from obtaining an IRE.

3. Basing his decision on a review of the evidence, the pertinent statutory provisions, regulations and case law, the WCJ first noted that, in *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 585 Pa. 366, 888 A.2d 758 (2005), our supreme court held that even where the employer or its insurance carrier fails to file a request for an IRE within the period of time prescribed in section 306(a.2)(1) of the Act, it may nevertheless be entitled to a physical examination of the claimant for purposes of an IRE pursuant to section 306(a.2)(6) and section 314 of the Act. The WCJ further noted that Claimant did not cite any statutory provision or regulation that requires a claimant to have reached maximum medical improvement or be free from mental or emotional injury before the claimant can be required to submit to an IRE.

4. The WCAB first noted that the Act contained no requirement that an employer prove a claimant has reached maximum medical improvement prior to having her undergo the IRE. With respect to Claimant's argument regarding the invalidity of the IRE, the WCAB held that the issue was raised prematurely.

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.