IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia Watson,                   :
          Petitioner      :
                   :   No. 1203 C.D. 2019
       v.            :
                   :   Submitted: January 17, 2020
Workers' Compensation Appeal   :
Board (Hillsberg),           :
          Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: April 15, 2020

Patricia Watson (Claimant) petitions for review from the August 6, 2019 order of the Workers' Compensation Appeal Board (Board) quashing Claimant's appeal from an order of a workers' compensation judge (WCJ), which granted the Petition for Physical Examination filed by Geoffrey Hillsberg, Esq. (Employer) and directed Claimant to submit to a physical examination for purposes of an impairment rating evaluation (IRE) under the Workers' Compensation Act (Act).[1] For the following reasons, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710. Under section 306(a.3) of the Act, added by the Act of October 24, 2018, P.L. 714 (Act 111), an employee who has received total disability compensation for a period of 104 weeks is required, upon request of an

The material facts are not in dispute. Claimant sustained a work injury on May 15, 2007, while employed by Employer and, thereafter, received workers' compensation (WC) benefits. (Reproduced Record (R.R.) at 3a, 26a, 29a.) On January 10, 2019, Employer filed a Request for Designation of a Physician to Perform an IRE with the Bureau of Workers' Compensation (Bureau). (R.R. at 24a-25a.) On January 14, 2019, the Bureau designated Michael A. Kennedy, M.D., to perform the IRE. (R.R. at 29a.) By letter dated January 15, 2019, Claimant's counsel advised Employer that Claimant objected to the IRE and would not appear "unless and until a WCJ [o]rders Claimant's appearance." (R.R. at 30a.)

Employer subsequently filed a Physical Examination Petition requesting that Claimant be required to attend an IRE with Dr. Kennedy. (R.R. at 3a.) At a WCJ hearing conducted on February 21, 2019, Claimant's counsel argued that the recently amended IRE provisions of the Act are unconstitutional,[2] that Employer had not proven that Claimant's injuries were "reasonably presumed to be permanent" prior to requesting an IRE, and that Employer failed to seek agreement from Claimant on a suitable physician to perform the IRE before requesting that the Bureau designate a physician. (R.R. at 12a-13a, 17a.)

On February 27, 2019, the WCJ issued an order stating as follows:

Claimant objects to [Employer] obtaining an IRE pursuant to Act 111 on constitutional grounds. The parties agree that this

employer's insurer, to submit to a physical examination to determine the degree of impairment due to the employee's compensable injury. 77 P.S. §511.3. This examination is known as an IRE.

[2] Certain parts of the former IRE provisions, contained in former section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S. §511.2, were found to violate the non-delegation clause of the Pennsylvania Constitution in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 841 (Pa. 2017). Act 111 repealed former section 306(a.2) of the Act and amended the IRE provisions of the Act by adding section 306(a.3) to the Act.

2

> WCJ has no authority to declare that statute unconstitutional. [Employer's] Petition for Physical Examination is hereby GRANTED. Claimant is ORDERED to attend an examination by Dr. Michael A. Kennedy to be scheduled by [Employer].

(WCJ's order, R.R. at 37a.)

Thereafter, Claimant appealed to the Board, raising the same arguments as she raised before the WCJ. The Board determined that the ordering of a physical examination is within the discretion of the WCJ. (Board's decision at 2, R.R. at 50a.) The Board also concluded that "[a] WCJ's order directing [Claimant] to attend an IRE is interlocutory and, therefore, non-appealable." *Id.* Accordingly, the Board held that it "lack[ed] jurisdiction to consider the matter at this juncture." *Id.* The Board further determined that its appellate review "did not include constitutional issues" and that the Board could not "declare a provision of the Act to be unconstitutional because an administrative agency has no jurisdiction to determine the constitutional validity of its own enabling legislation." (Board's decision at 2-3, R.R. at 50a-51a.)

Consequently, the Board quashed Claimant's appeal. (Board's decision at 3.) In so doing, the Board recognized that the WCJ's order requiring Claimant to attend an IRE with Dr. Kennedy remained in effect. *Id.*

On appeal,[3] Claimant makes the following arguments: (1) the WCJ's order compelling Claimant's attendance at an IRE was a final, appealable order and not interlocutory as found by the Board; (2) the WCJ erred in not addressing whether an IRE is permitted only after a claimant's condition is "reasonably presumed to be permanent," (Claimant's Br. at 15); (3) the WCJ erred in not addressing whether

---

[3] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

3

Employer was required to seek Claimant's agreement on a physician to perform the IRE before requesting designation by the Bureau; (4) the amended IRE provisions of the Act are unconstitutional because they are being applied retroactively; (5) the amended IRE provisions of the Act are unconstitutional because they require physicians to rely on one specific version of the American Medical Association Guides to the Evaluation of Permanent Impairment when conducting IREs, which fails to take into account recognized medical advances; and (6) the amended IRE provisions of the Act represent an unconstitutional delegation under the Pennsylvania Constitution.

We first address whether the WCJ's order compelling Claimant's attendance at an IRE was a final, appealable order. Claimant argues that the WCJ's order was a final order because it fully and finally disposed of the only issue involved, *i.e.*, whether Claimant was required to attend an IRE. Claimant also contends that there is a public interest in having the Court decide issues of a frequently recurring nature where they are capable of continually evading appellate scrutiny. Specifically, Claimant maintains that the moment a claimant attends a court-ordered physical examination there is no longer a justiciable dispute and, thus, the propriety of compelling a claimant to attend an IRE continually evades appellate scrutiny. Claimant urges us to address the issue now, rather than wait for the pending modification petition to run its course. According to Claimant, addressing the issue now would "avoid extremely costly and time consuming litigation of [m]odification [p]etitions" for any litigants challenging the propriety of IREs or the constitutionality of the amended IRE provisions. (Claimant's Br. at 13.)

In general, any "decision of a WCJ that does not dispose of all claims or of all parties is interlocutory" and, consequently, not a final, appealable order. *Groller v. Workers' Compensation Appeal Board (Alstrom Energy Systems)*, 873 A.2d 787,

4

789 (Pa. Cmwlth. 2005), *appeal denied*, 897 A.2d 1185 (Pa. 2006). In *Groller*, this Court held that an order requiring a claimant to submit to an IRE is a non-appealable, interlocutory order. *Id.* at 789. We explained that because an IRE order merely states that a claimant is required to attend an IRE and "neither affect[s] [a] [c]laimant's benefits nor affect[s] [an] [e]mployer's obligation to pay benefits," such an order is interlocutory. *Id.*[4] Likewise, in *Kuzo v. Workers' Compensation Appeal Board (St. Luke's Miner's Memorial Med Center)*, 936 A.2d 1216, 1218 (Pa. Cmwlth. 2007), *appeal denied*, 947 A.2d 738 (Pa. 2008), we held that "an order requiring a claimant to submit to an IRE is a non-appealable, interlocutory order." *Id.* at 1218; *see also Carter v. Workers' Compensation Appeal Board (GenCorp, Inc.)* (Pa. Cmwlth., No. 1172 C.D. 2012, filed May 7, 2013), slip op. at 4 (holding that an order compelling a claimant to attend an IRE is a non-appealable, interlocutory order).[5]

Although Claimant argues that judicial economy should dictate that we decide the propriety of the IRE now, rather than wait until the pending modification petition is decided, this position is contrary to our precedent. Claimant also argues that IRE orders evade appellate review; however, because an IRE order, by itself, has no effect on WC benefits and WC benefits are only affected after a modification petition is decided, claimants retain the ability to challenge the appropriateness of an IRE at a

---

[4] In *Groller*, the underlying issue was whether the claimant was barred by *res judicata* from arguing that an IRE was untimely where the claimant did not appeal the WCJ's IRE order, but instead, filed a review petition after he had already attended the IRE and after the employer's insurer had changed his disability status to partial disability based on the examination. 873 A.2d at 788-89. Because we concluded that the IRE order was interlocutory, and not final, we held that *res judicata* could not bar the claimant from challenging the timeliness of the IRE in the Review Petition. *Id.* at 789.

[5] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

modification petition hearing, and may seek appellate review regarding the IRE once the petition is decided. *See, e.g.*, *Swartz v. Workers' Compensation Appeal Board (Cheltenham York Road Nursing & Rehabilitation)*, 869 A.2d 35, 38 (Pa. Cmwlth. 2005) (holding that although an appeal from a WCJ's order requiring the claimant to submit to an interview with a vocational counselor was interlocutory, the claimant could still challenge the counselor's qualifications and/or findings at the hearing on the modification petition).

Therefore, because the WCJ's order compelling Claimant to attend an IRE was a non-appealable, interlocutory order under our binding precedent, *see Kuzo*, 936 A.2d at 1218; *Groller*, 873 A.2d at 789, the Board did not err in quashing Claimant's appeal from said order. Accordingly, the Board's order is affirmed.[6]

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] In light of our holding that the WCJ's IRE order was non-appealable, we are unable to address Claimant's arguments on the merits at this juncture.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia Watson,                      :
                    Petitioner        :
                                      :   No. 1203 C.D. 2019
          v.                          :
                                      :
Workers' Compensation Appeal          :
Board (Hillsberg),                    :
                    Respondent        :

# ***ORDER***

AND NOW, this 15th day of April, 2020, the August 6, 2019 order of the Workers' Compensation Appeal Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge