Thomas Cantanese,
                Petitioner

       v.

Workers' Compensation Appeal
Board (RTA Services Co., Inc.),       :  No. 1739 C.D. 2019
          Respondent      :  Submitted: June 12, 2020


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                   FILED: July 21, 2020


Thomas Cantanese (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) November 5, 2019 order quashing Claimant's appeal from the Decision and Order of the Workers' Compensation Judge (WCJ) granting RTA Services Co., Inc.'s (Employer) Petition for Physical Examination or Expert Interview (Petition). The sole issue before this Court is whether the Board properly quashed Claimant's appeal as interlocutory.[1] After review, we affirm.

Claimant sustained a compensable injury on December 11, 2013, and, pursuant to a Notice of Compensation Payable, began receiving benefits pursuant to

---

[1] Claimant presents two issues for this Court's review: 1) whether Claimant's failure to attend an Impairment Rating Evaluation was reasonable because Act 111 of 2018 (Act 111), Act of October 24, 2018, P.L. 714, violates the remedies clause of the Pennsylvania Constitution and deprives him of a vested right in paid benefits; and 2) whether Act 111 violates the Pennsylvania Constitution's non-delegation rule. *See* Claimant Br. at 7. However, because the issue of whether the WCJ's order is interlocutory is dispositive, this Court does not reach these issues.

the Workers' Compensation Act[2] (WC Act). On January 31, 2019, Employer filed the Petition seeking to compel Claimant's attendance at an Impairment Rating Evaluation (IRE), alleging that Claimant had failed to attend an IRE on January 28, 2019. On May 3, 2019, the WCJ granted the Petition. Claimant appealed to the Board, arguing that the WCJ erred by ordering him to appear at an IRE because Act 111 of 2018[3] (Act 111) is unconstitutional. On November 5, 2019, the Board quashed Claimant's appeal as interlocutory. Claimant appealed to this Court.[4]

The law is well established that "where an order does not dispose of all claims or all parties, it is interlocutory and not appealable to this Court." *Swartz v. Workers' Comp. Appeal Bd. (Cheltenham York Rd. Nursing & Rehab.)*, 869 A.2d 35, 37 (Pa. Cmwlth. 2005); *see also* Section 763 of the Judicial Code, 42 Pa.C.S. § 763(a); Pa.R.A.P. 341(b). "Furthermore, this Court has held that an order directing a claimant to submit to a medical examination is interlocutory." *Groller v. Workers' Comp. Appeal Bd. (Alstrom Energy Sys.)*, 873 A.2d 787, 789 (Pa. Cmwlth. 2005).

In *Groller*, this Court explained:

> Because the IRE Order merely stated that [the c]laimant was required to participate in the IRE and neither affected [the c]laimant's benefits nor affected [the e]mployer's obligation to pay benefits, the IRE Order was a non-appealable, interlocutory order. Because the IRE Order is interlocutory, it is not a final order . . . .

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] The Pennsylvania Supreme Court, in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), found portions of the former IRE provisions, contained in former Section 306(a.2) of the WC Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, violated the non-delegation clause of the Pennsylvania Constitution. Act 111 repealed former Section 306(a.2) of the WC Act and added Section 306(a.3) to the WC Act, which amended the Act's IRE provisions.

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

2

*Groller*, 873 A.2d at 789; *see also Kuzo v. Workers' Comp. Appeal Bd. (St. Luke's Miner's Mem'l Med. Ctr.)*, 936 A.2d 1216 (Pa. Cmwlth. 2007); *Watson v. Workers' Comp. Appeal Bd. (Hillsberg)* (Pa. Cmwlth. No. 1203 C.D. 2019, filed April 15, 2020);[5] *Carter v. Workers' Comp. Appeal Bd. (GenCorp., Inc.)* (Pa. Cmwlth. No. 1172 C.D. 2012, filed May 7, 2013). Here, the order on review before the Board was the WCJ's interlocutory order directing Claimant to appear for an IRE. Because the Board correctly concluded Claimant's appeal was interlocutory, it properly quashed Claimant's appeal.

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

---

[5] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court finds the *Watson* and *Carter* decisions persuasive and cites to them accordingly.

In *Watson*, as in the instant matter, the claimant objected to a proposed IRE contending that Act 111 was unconstitutional. A WCJ granted the employer's petition for physical examination and directed the claimant to submit to a physical examination. The claimant appealed to the Board, arguing, *inter alia*, that the WCJ's order was a final order and that Act 111's amended IRE provisions were unconstitutional because they were being applied retroactively, they require physicians to rely on one specific version of the American Medical Association Guides to the Evaluation of Permanent Impairment, and they constitute an unconstitutional delegation. The Board quashed claimant's appeal as interlocutory, and this Court affirmed the Board's order.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Cantanese,                          :
                   Petitioner        :
                                :
             v.                            :
                                :
Workers' Compensation Appeal               :
Board (RTA Services Co., Inc.),            :   No. 1739 C.D. 2019
                 Respondent        :

## O R D E R

AND NOW, this 21st day of July, 2020, the Workers' Compensation Appeal Board's November 5, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge