**Michael WILLIAMS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CENTER CITY CONSTRUCTION CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 8, 2000.

Decided July 23, 2001.

James M. Connelly, Philadelphia, for petitioner.

Susan M. Lea, Allentown, for respondent.

Before DOYLE, President Judge, LEADBETTER, Judge, LEDERER, Senior Judge.

LEADBETTER, Judge.

Michael Williams injured his left knee on November 6, 1996 while working as a roofer for Center City Construction Co. (employer). He filed a claim under the Workers' Compensation Act[1] for total disability benefits as of November 13, 1996. Following a hearing, the Workers' Compensation Judge (WCJ) granted the claim petition, awarding total disability benefits with reduction to partial benefits during several temporary periods when Williams returned to work with a loss of earnings. On appeal by employer, the Workers' Compensation Appeal Board (Board) affirmed in part. The Board suspended benefits as of November 8, 1997 and remanded for the WCJ's determination of a credit due employer for amounts Williams earned post-injury when he worked part-time light duty for Thomas Heath Construction.

Williams filed the present appeal. Therein he contends that the Board's order is final and appealable in that the remand is for calculation of earnings, a process requiring no exercise of discretion by the WCJ. Williams further contends that sufficient evidence supports the WCJ's finding of on-going disability from the work-related knee injury and, therefore, the Board exceeded the proper scope of its review in substituting its finding that injury-related earnings loss ceased on November 8, 1997.

■ Inasmuch as the Board remanded the matter for additional action by the WCJ, our jurisdiction to consider the merits of the instant appeal is dependent upon whether the Board's order is an "administrative remand." An administrative remand is an interlocutory order from which an appeal may be taken as of right under Pa. R.A.P. 311(f). Appellate Rule 311(f) provides, in pertinent part:

An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; . . . .

Pa. R.A.P. 311(f).

■ In the present matter, the Board "remanded for a determination as to a credit . . . .," a direction that would be appealable under Rule 311(f) had it called merely for a calculation based upon record evidence. However, the Board made clear in its opinion that on remand the WCJ may take additional evidence in order to determine the amount Williams earned when he worked at Thomas Heath Construction. The Board stated, "Claimant should have presented evidence before the WCJ regarding his earnings as an independent contractor with Thomas Heath Construction. We remand on this issue, and direct the WCJ to make appropriate findings of fact after giving both parties the opportunity to present relevant evidence." *Williams v. Center City Constr. Co.,* (No. A98–4804, filed March 29, 2000), slip op. at 8. In taking evidence and in assessing its credibility and weight, the WCJ must exercise discretion. For this reason, the Board's order is not appealable under Rule 311 and we must quash.

The decision in this case was reached before the expiration of the appointment of Senior Judge Lederer to the Commonwealth Court by the Supreme Court of Pennsylvania.

### ORDER

AND NOW, this 23rd day of July, 2001, the Petition for Review of Michael

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

Williams in the above captioned matter is hereby QUASHED.