**COMPSERVICES, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HOFFMASTER–BELLINI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 19, 2003.
Decided Nov. 17, 2003.

Stephen W. Zakos, Allentown, for petitioner.

Lawrence D. Levin, Jenkintown, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Marie Hoffmaster–Bellini (Claimant) worked in a mental health facility operated by the Commonwealth of Pennsylvania, Department of Public Welfare, Hamburg Center (Employer).[1] On October 1, 1996, Claimant sustained a work-related injury. An agreement for compensation described Claimant's injury as a "cervical and left shoulder strain," and she received Act 534[2] benefits in the amount of $483.00 per week from October 9, 1996, until October 13, 1996, when she returned to work.

In the workers' compensation judge (WCJ) decision of December 9, 1998, the WCJ found that on February 26, 1997, the parties entered into a supplemental agreement that reinstated Claimant's Act 534 benefits. The WCJ also found that Claimant was entitled to partial disability benefits in the amount of $241.50 per week from February 10, 1997, to July 17, 1997, and total disability benefits in the amount of $483.00 per week starting July 18, 1997.

On June 6, 2001, Employer filed a notice of workers' compensation benefit offset which indicated that as of June 10, 2001, Employer was offsetting Claimant's $483.00 per month pension benefit against her workers' compensation payments. The notice reflected that as of August 18, 2003, Claimant would again receive reduced workers' compensation benefits in the amount of $284.25 per week.

On or about July 23, 2001, Claimant petitioned to review compensation benefits and alleged that as of July 18, 2001, she "requests that the NCP/SA [notice of compensation payable/supplemental agreement] be amended to include a psychological reaction to her physical injuries." Petition to Review Compensation Benefits, July 23, 2001, at 1; Reproduced Record (R.R.) at 6. Employer denied the allegations.

On or about August 23, 2001, Claimant petitioned to review the compensation benefit offset and alleged that as of June 7, 2001, she "disputes defendant's [Employer's] right to take an offset." Petition to Review Compensation Benefit Offset, August 23, 2001, at 1; R.R. at 1.

On or about October 10, 2001, Claimant petitioned for penalties based on Employer's "unilateral termination of claimant's benefits and failure to pay compensation when due." Penalty Petition, October 10, 2001, at 1. On or about April 15, 2002, Claimant again petitioned for penalties and alleged that Employer failed "to pay for Claimant's reasonable and necessary medical treatment." Penalty Petition, April 15, 2002, at 1. Employer denied the allegations.

Employer presented deposition testimony from the director of the State Employees' Retirement System, and both parties submitted the depositions of medical ex-

---

1. Compservices, Inc. is Employer's third-party administrator.

2. Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§ 951–952. Section 1 of Act 534 provides:

[A]ny employe of a State mental hospital ... under the Department of Public Welfare, who is injured during the course of his employment by an act of any ... person confined in such institution ... shall be paid by the Commonwealth ... his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department ... at a salary equal to that earned by him at the time of his injury.

61 P.S. § 951.

perts. The WCJ *found* Claimant's treating physician more credible than Employer's medical expert. In addition, the WCJ noted that both experts acknowledged Claimant's work-related psychological injury.

The WCJ also determined that Employer "is entitled to deduct or offset the claimant's weekly $483.00 workers' compensation payment against the claimant's weekly Act 534 payment. *Defendant [Employer] is not entitled to any further offsets or deductions.*" WCJ Decision, July 24, 2002, Conclusion of Law No. 6 at 5 (emphasis added).

Next, the WCJ imposed upon Employer a penalty in the amount of 10% of past compensation and/or Act 534 benefits which were owed. Finally, the WCJ ordered that Employer "did not establish a reasonable contest with respect to the claimant's Review Medical Petition. Claimant's counsel shall be paid $9,275.00 Quantum Meruit Attorney Fees which the defendant [Employer] shall pay." WCJ Decision, Order, Paragraph 8, at 6. The WCJ granted Claimant's review petitions and her penalty petitions.

Employer appealed to the Workers' Compensation Appeal Board (Board), which affirmed in part insofar as the WCJ granted Claimant's review petitions and penalty petitions. The Board also remanded this matter to the WCJ "for further review of the *quantum meruit* attorney fee and an award based upon time spent on the Review NCP Petition only." Board Opinion, April 22, 2003, Order, at 8.

On appeal to this Court, Employer contends that the Board erred when it affirmed the denial of Employer's credit for overpayment of benefits. Also, Employer asserts that the WCJ erred by awarding penalties and attorney fees for unreasonable contest.

■ Based on Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a), this Court has jurisdiction over "appeals from final orders of government agencies." The initial question is whether the Board's order is a "final order" and reviewable by this Court. Under Pa.R.A.P. 341(b), an order is a "final order" if it disposes of all claims, or if the order is statutorily defined as such, and also when the "government unit ... enter[s] a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Because the Board's order in the present controversy does not fit into any of these three categories, the Board's order does not qualify as a "final order," and this Court lacks jurisdiction.

■ The next inquiry is whether the Board's order is an "administrative remand." Pa.R.A.P. 311(f) provides in pertinent part:

(f) **Administrative Remand.** An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that *does not require the exercise of administrative discretion;* or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that *decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed.* (Emphasis added).

Here, the Board remanded for the WCJ to award counsel fees based only upon the review NCP petition.[3] The WCJ's assess-

---

3. The Board specifically stated that "[o]n re-   mand, Claimant may submit an amended

ment of the counsel fees requires an obvious exercise of discretion. Therefore, Pa. R.A.P. 311(f)(1) is inapplicable and this Court lacks jurisdiction.

Pa.R.A.P. 311(f)(2) addresses the situation where appellate review is evaded unless there is an immediate appeal from the Board's remand order. However, Employer may appeal an adverse ruling by the WCJ at the appropriate time. Depending on the outcome, Employer may request the Board to finalize its remand order, and Employer may appeal any outstanding issues surrounding the Board's first decision. Thus, the present circumstances do not come within the purview of Pa.R.A.P. 311(f)(2). Because neither subsection of Pa.R.A.P. 311(f) is triggered, the Board's order is not an appealable "administrative remand."

Accordingly, this Court must quash Employer's petition for review.

### ORDER

AND NOW, this 17th day of November, 2003, the petition for review filed by the Commonwealth of Pennsylvania, Department of Public Welfare and Compservices, Inc. in the above-captioned matter is quashed.

_quantum meruit_ attorney fee as to time associated with the Review NCP Petition only." Board Opinion at 7 n. 5. In that review petition, Claimant requested expansion of the NCP to include a psychological problem.