In Re Libby, No. 197-4-04 Wncv  (Katz, J., Feb. 10, 2005)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Washington County, ss.:                          Docket No. 197-4-04 Wncv


In re BRENT LIBBY


### Entry

  This is a 3 V.S.A. § 130a(c) appeal from the Office of Professional Regulation appellate officer's review of a Real Estate Commission order suspending Mr. Libby's real estate broker license based on two instances of unprofessional conduct.  The appellate officer concluded that one ground of unprofessional conduct was well founded, but reversed the other one.  Impliedly vacating the Commission's suspension order, the appellate officer remanded the case to the Commission for reconsideration of the discipline ordered.  Mr. Libby appealed the remand order to this court, arguing that the appellate officer erred by affirming one of the grounds of unprofessional conduct, and by concluding that the transcript, despite "inaudible" sections, is adequate for purposes of review.

  An administrative remand order, such as the one in this case, is interlocutory in nature unless the only purpose of remand is to enable the execution of ministerial duties.  See Williams v. Worker's Compensation Appeal Bd., 781 A.2d 251, 252 (Pa. Commw. Ct. 2001); Federman v. Board of Appeals of Marblehead, 626 N.E.2d 8, 10 (Mass. App. Ct. 1994).  The remand order in this case requires the Commission to exercise its discretion in reconsidering the fact of and, if appropriate, the terms of disciplinary action; these are not ministerial duties.

Interlocutory orders generally are not ripe for review. Interlocutory review under Vermont's Administrative Procedure Act is available only where "review of the final decision would not provide an adequate remedy." 3 V.S.A. § 815(a). "This limitation places upon appellants the burden of demonstrating that an appeal from a final order will not provide such a remedy." Petition of CVPS Corp., 142 Vt. 138, 139 (1982). Review is inappropriate unless the "parties face the prospect of irreparable injury, with no practical means of procuring effective relief after the close of the proceeding . . . ." 2 Charles H. Koch, Jr., Administrative Law and Practice (2d ed.), § 8.25[1] at 502 (citing Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480 (1978)). "Infirmities that might lead a court to engage in interlocutory review include bias of the administrative decisionmaker, unreasonable delay, improper denial of a hearing, or improper ex parte contacts." 2 Charles H. Koch, Jr., supra, § 8.25[3] at 503 (citing In re City of Virginia Beach, 42 F.3d 881, 884 (4th Cir. 1994)).

Appellant attempts no showing of infirmities in the administrative record that might warrant interlocutory review. Instead, Appellant claims that no such showing is necessary, relaying on In re Delozier, 158 Vt. 655 (1992) (mem.) and, separately, 3 V.S.A. § 130a. Delozier is a one paragraph opinion stating, in its entirety:

> . . . . Appellee's motion to dismiss is granted. 3 V.S.A. § 815(a) provides that appeals from preliminary, procedural and intermediate agency actions be heard by any "other court . . . expressly provided by law." 3 V.S.A. § 130(c) provides that a party aggrieved by a decision of the appellate officer may appeal to the superior court of Washington County. Since a court other than the Supreme Court is expressly granted authority to hear appeals from decisions of the Board of Medical Practice, interlocutory appeals of preliminary, procedural or intermediate licensing board decisions must follow a similar route.

Delozier addresses and resolves an appellant's mistaken choice of court.  It does not support Appellant's argument that *any* sort of interlocutory order under 3 V.S.A. § 130a necessarily will be ripe for review in Washington Superior Court.

Appellant also argues that the language and structure of 3 V.S.A. § 130a specifically permits interlocutory review without limitation.  Appellant notes that section 130a(a) permits appeal only from a "final decision of a board" to the appellate officer, while section 130a(c) permits appeal from "a decision of the appellate officer" to Washington Superior Court.  Section 130a(c) must be intended to permit appeal from any nonfinal decision, reasons Appellant, else "final" would appear textually in section 130a(c) as its does in section 130a(a).

We believe that 3 V.S.A. § 130a(c) and 3 V.S.A. § 815(a) must be read congruently.  As mentioned above, section 815(a) sites appeals of contested cases in the Vermont Supreme Court unless a specific statute places it elsewhere.  The purpose of 3 V.S.A. § 130a(c) is to locate appeals of decisions of professional boards in Washington Superior Court, as opposed to the Supreme Court.  The purpose is not to distinguish finality requirements between sections 130a(a) and 130a(c).  The status of the reviewability of interlocutory orders is treated fully in 3 V.S.A. § 815(a), as discussed above.  It is not addressed at all in 3 V.S.A. § 130a.  Reading these sections together, we have no doubt that the rules relating to interlocutory review in 3 V.S.A. § 815(a) apply to appeals taken under 3 V.S.A. § 130a(c).

Appellants have not established that the appellate officer's decision is ripe for review.

This appeal is dismissed and the matter remanded to the Commission for further proceedings consistent with the administrative officer's decision of November 19, 2003.

Dated at Montpelier, Vermont, _____, 20____.

_____
Judge