**Mark BITTINGER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LOBAR ASSOCIATES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 2007.

Decided Sept. 10, 2007.

---

Richard F. Maffett, Jr., Harrisburg, for petitioner.

Marta J. Guhl, Philadelphia, for respondent.

BEFORE: COLINS, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COLINS.

Mark Bittinger (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision and order of the Workers' Compensation Judge (WCJ), granting Claimant's Petitions to Review Compensation Benefits, Claim Petition, Petition to Review the Payment of Medical Expenses, and a Penalty Petition. Claimant's specific challenge is to the amount of the awards that he received. For the reasons that follow, we affirm the Board.

In 1996, Claimant sustained a work injury while employed by Lobar Associates Incorporated (Employer). A Notice of Compensation Payable (NCP) was issued on May 7, 1996, accepting liability for a broken left foot and cracked vertebrae in Claimant's back. St. Paul Fire & Marine Insurance Company (St.Paul) was the carrier on the risk for that injury. Claimant returned to work with Employer in 1999 without a wage loss, but on limited light duty.

In 2003, Claimant was disabled from January 2, 2003 through February 2, 2003, and incurred medical bills due to an injury to his right knee. Claimant filed a Claim, Penalty and two Review Petitions against Employer and St. Paul, seeking to have the right knee injury recognized as part of the April 23, 1996, injury. In the alternative, Claimant filed a Claim Petition and a Joinder Petition against Employer and Travelers Insurance Company (Travelers), Employer's carrier during the period of disability, asserting a new injury.

On February 4, 2004 the WCJ issued an Interlocutory Order pursuant to Section 410 of the Workers' Compensation Act (Act)[1], mandating the payment of past

---

1. Section 410 of the Act provides:

Whenever any claim for compensation is presented and the only issue involved is the

compensation for the period of January 2, 2003, to February 2, 2003, as well as the payment of all reasonable medical expenses. At the time, twenty percent of Claimants benefits were deducted and paid to Claimant's attorney, Richard F. Maffett, Jr. Esq.

On November 9, 2004 the WCJ issued a decision and order denying and dismissing the petitions filed against Employer and Travelers, and granting the petitions filed against Employer and St. Paul. The WCJ awarded Claimant total disability benefits from January 2, 2003 through February 2, 2003; found St. Paul liable for the payment of all medical bills related to the right knee injury; assessed a penalty of 10% of the medical bills; found Claimant's attorney was entitled to 20% of the award, pursuant to the fee agreement; and last, found Employer and St. Paul did not have a reasonable basis for the contest, and awarded Claimant attorney fees in the amount of $5,700.00, for fees incurred up to the date that Claimant received the interlocutory order.

Employer and Claimant filed cross appeals with the Board. Employer argued that the WCJ's decision was not supported by substantial evidence. Claimant argued that the penalty and unreasonable contest awards were insufficient. In an order dated August 9, 2005, the Board affirmed the WCJ on all issues, but remanded the matter to the WCJ for the sole purpose of addressing the distribution and rationale regarding the award of attorney fees.

The WCJ circulated a remand decision and order on January 18, 2006. The WCJ adopted the November 9, 2006 decision and order in its entirety, but clarified that "in the event that twenty percent (20%) of Claimant's wage loss benefits and penalty exceed $5,700.00 now or in the future, then twenty percent (20%) of the excess shall be deducted from Claimant's award and directed to the attorney, Richard F. Maffett, Jr. Esq." (Findings of Fact, Conclusions of Law and Order).

On February 7, 2006, Claimant appealed the WCJ's remand decision and order to the Board, asserting that the WCJ's award of counsel fees was in error. On September 15, 2006, the Board issued an opinion and order re-affirming their prior opinion, as well as affirming the WCJ's remand decision. Claimant subsequently petitioned this court for review.[2]

Before this Court, Claimant contends the WCJ and the Board erred; (1) by awarding a ten percent penalty based solely upon the medical bills, (2) by awarding unreasonable contest fees only until the entry of the Interlocutory Order, and (3) by not awarding additional attorney fees for Employer's allegedly unreasonable contest on appeal to the Board.

First, Claimant asserts that the WCJ erred as a matter of law and committed an abuse of discretion by calculating the pen-

liability as between the defendant or the carrier or two or more defendants and carriers, the referee ... to whom the claim in such a case is presented shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the ... referee or the board on appeal, render a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.
Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 751.

2. Our review of an order of the Board is limited to determining whether a constitutional right was violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

alty based only on Claimant's unpaid medical bills. Claimant argues that the penalty amount should also be based on the unpaid indemnity benefits because Employer violated the law by not paying indemnity benefits when Claimant sustained a wage loss in 2003. Claimant contends that he never signed a final receipt or a supplemental agreement upon his return to work in 1999. Claimant also argues that the WCJ abused his discretion by only awarding a ten percent penalty because Employer's failure to pay the medical bills and indemnity benefits prior to the entry of the interlocutory order constituted an unreasonable delay.[3]

■ Pursuant to section 435(d) of the Act, 77 P.S. § 991(d), a court may impose a penalty, "not exceeding ten per centum of the amount awarded and interest accrued and payable ... [or] fifty per centum in cases of unreasonable or excessive delays," for violations of the provisions of the Act or rules and regulations.[4] The assessment of a penalty, as well as the amount of the penalty imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal. *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106, 1108 (Pa. Cmwlth.2001), *petition for allowance of appeal denied*, 572 Pa. 726, 814 A.2d 678 (2002).

■ After reviewing the record, we find no error in the WCJ's decision to base the penalty only on the unpaid medical benefits and limit the penalty to ten percent of that award. The WCJ found that the NCP issued on May 7, 1996, was materially incorrect and awarded total disability benefits for the period of January 2, 2003 through February 2, 2003, based on the amendment of the NCP to include the right knee injury. Because the right knee injury was not originally recognized in the NCP, Claimant had the burden to prove all of the elements necessary to support his claim. *Jeanes Hospital v. Workers' Compensation Appeal Board (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005). Consequently, Claimant was not automatically entitled to payment of indemnity benefits for the right knee injury and Employer's failure to do so was not a violation of the law. Additionally, the amount of the award was discretionary and the WCJ's determination that Claimant was not entitled to more than ten percent was not an abuse of that discretion.

Next, Claimant argues that it was error to award unreasonable contest fees only until the entry of the Interlocutory Order. Relying primarily on our decision in *Morgan Corporation v. Workmen's Compensation Appeal Board (Strock)*, 139 Pa. Cmwlth.520, 590 A.2d 1375 (1991), Claimant contends that the WCJ's entry of the Interlocutory Order does not make the contest reasonable.

In *Morgan*, the claimant filed a petition to set aside a final receipt against his employer and its insurer. The employer and insurer denied the allegations and joined a second insurance company as an

---

**3.** As a preliminary matter, we reject Employer's counter argument that Claimant waived the penalty issue by failing to raise it on remand to the WCJ and then again on appeal to the Board from the WCJ's remand decision. The remanded issue was related to the award of attorney fees not penalties. Claimant properly preserved the issue of penalties by raising it in his initial appeal to the Board.

*Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282, (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 566 Pa. 654, 781 A.2d 151 (2001).

**4.** Added by section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d)(i).

additional defendant, contending that it was the responsible carrier. Based on the insurers' agreement that the claimant was disabled, the WCJ issued a Section 410 Interlocutory Order, setting aside the final receipt and directing both insurers to pay one half of the claimant's benefits. Ultimately, the WCJ held the employer and the initial insurer liable for payment of the benefits, as well as attorney fees for an unreasonable contest. On appeal, we affirmed the WCJ and the Board and rejected the insurer's argument for limited attorney's fees from the date of the entry of the Interlocutory Order because the employer's action forced the claimant to prove his case despite the fact that the employer had no basis for contesting the injury.

■ Unlike the facts in *Morgan*, St. Paul did not join Travelers as an additional defendant to avoid paying Claimant benefits. Claimant raised the issue of which insurer was liable for his injury by filing separate petitions on inconsistent theories of liability against Travelers and St. Paul. While we agree that Employer/St. Paul's contest was unreasonable during the time that they contested the payment of benefits, their subsequent agreement to the Interlocutory Order ended their contest with Claimant. The initial question of liability, however, remained and St. Paul had a reasonable basis to contest liability for the injury as against Travelers. It would be unfair to penalize St. Paul for resolving the issue of liability when Claimant was the party that raised it. Therefore, the WCJ correctly determined that Claimant was not entitled to attorney fees for an unreasonable contest beyond the date that Claimant received the Interlocutory Order.

■ Last, Claimant argues that it was error not to award additional attorney fees for Employer's frivolous appeal to the Board. Claimant contends Employer/St.Paul challenged the WCJ's unfavorable credibility determinations, causing Claimant's counsel to expend additional time representing Claimant. Claimant, however, did not raise this issue before the Board and, therefore, is prohibited from raising it before this Court. *Mearion v. Workers' Compensation Appeal Board (Franklin Smelting & Refining Company)*, 703 A.2d 1080, 1081 n. 3 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied*, 555 Pa. 748, 725 A.2d 1223, (1998) (failure to raise an issue before the Board constitutes a failure to preserve that issue for review by this Court).

Accordingly the Board's decision is affirmed.

### ORDER

AND NOW, this 10th day of September 2007, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.