**Virginia PETERSON, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WAL MART and CMI, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 31, 2007.

Decided Dec. 4, 2007.

Kathleen Hayne Robertson, New Castle, for petitioner.

Joseph G. Lucas, Pittsburgh, for respondents.

Before: SMITH–RIBNER, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Virginia Peterson (Claimant) seeks review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) awarding Claimant disfigurement benefits, suspending her disability benefits and giving Wal Mart (Employer) a credit for overpayment of disability benefits against the disfigurement award and remanded the matter to the WCJ to award litigation costs to Claimant. She challenges the WCJ's calculation of the overpayment and his finding that benefits remained suspended on and after Employ-er's issuance of a notice of suspension for failure to complete and return Form LIBC–760 (Employee Verification of Employment, Self–Employment or Change in Physical Condition). Employer asserts that Claimant's petition for review should be dismissed as an appeal from an unappealable interlocutory order.

On September 27, 1995, Claimant sustained a cervical injury and an injury to her right shoulder and right wrist in the course of her employment with Employer as a floral designer. She received total and partial disability benefits for various periods based on her average weekly wage of $229.18. Her benefits were reinstated on February 19, 2003 when she underwent neck surgery. On April 27, 2004, Employer issued a notice of suspension for Claimant's failure to return Form LIBC–760 pursuant to Section 311.1(g) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 6 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 631.1(g).[1] On July 12, 2004, Employer filed a petition to modify or suspend benefits alleging Claimant's full recovery as of June 9, 2004 and her return to work. Claimant filed a claim petition on August 30, 2004 seeking disfigurement benefits for a scar from the February 2003 surgery.

Claimant testified that she returned to work for a new employer several months after the February 2003 surgery and worked there until she was discharged and that she thereafter received unemployment benefits and worked for other employers through May 2004. The parties submitted the record of Claimant's earnings and receipt of unemployment benefits. The WCJ granted the suspension petition as of the April 27, 2004 notice of suspen-

---

1. Section 311.1(g) provides in relevant part that "[i]f the employe fails to return the completed verification form within thirty days, the insurer is permitted to suspend compensation until the completed verification form is returned." *See also* 34 Pa.Code § 123.502(g).

sion and dismissed the modification petition as moot. The suspension was presumed to remain in effect due to the lack of evidence that Claimant submitted earnings data on Form LIBC–760. The WCJ determined that Claimant was entitled to partial disability benefits of $2131.44 from August 4, 2003 to April 27, 2004, that Employer paid $3630 in disability benefits for that period resulting in overpayment of $1498.56 and that Claimant received unemployment benefits of $2227 during that period. The WCJ determined that Employer was entitled to a credit for overpayment of $3725.56 ($1498.56 + $2227). The WCJ granted the claim petition and awarded Claimant $3302.16 for sixteen weeks of disfigurement benefits. The WCJ then calculated a net amount of Employer's overpayment as $423.40 after deducting disfigurement benefits from the amount overpaid before the suspension. Claimant appealed to the Board alleging, *inter alia,* that the WCJ erred in not awarding litigation costs.

The Board concluded that Employer was entitled to a credit for the overpayment because it resulted from Claimant's failure to report her earnings and unemployment benefits on the Bureau's verification form. It agreed with the WCJ that the suspension remained in effect on and after April 27, 2004, and it rejected Claimant's challenge to the WCJ's calculation of Employer's overpayment as it lacked specificity. Finally, the Board determined that Claimant was entitled to reasonable litigation costs as a prevailing party in part, although she did not submit litigation costs for the WCJ's approval. It affirmed the WCJ's order and remanded the matter for the WCJ "to reopen the record for the presentation of Claimant's litigation costs and for an Order awarding such costs." Board's Opinion, p. 8.[2]

Claimant argues that the WCJ erred in his overpayment calculation. According to Claimant, the correct method of calculating the overpayment is "to offset the TPD benefits with the UC benefits resulting in $0 being owed to" her. Claimant's Brief, pp. 4–5. She claims that $3630 paid by Employer before the suspension is the entire overpayment and that the net overpayment "would be $327.40 [sic]" after deducting disfigurement benefits of $3302.16 from $3630. *Id.* at 5. Also, the WCJ erred in determining that benefits remained suspended on and after April 27, 2004 as Employer voluntarily reinstated benefits by paying $330.

■ Before considering the merits of Claimant's appeal, the Court must address Employer's assertion that Claimant's petition for review was premature. Employer asserts that the Board's remand order represents an interlocutory order that cannot be appealed as of right under Pa. R.A.P. 311(f)(1) because the WCJ must exercise administrative discretion on remand in allowing Claimant to submit litigation costs and in determining a reasonable amount of costs to be awarded.

This Court has appellate jurisdiction to hear appeals from final orders of Commonwealth agencies. Section 763(a) of the Judicial Code, *as amended,* 42 Pa.C.S. § 763(a); *H.R. v. Department of Public Welfare,* 676 A.2d 755 (Pa.Cmwlth.1996). Pa. R.A.P. 341(a) provides that an appeal may be taken to this Court as of right "from any final order of an administrative agency or lower court." Pa. R.A.P. 341(b) defines a final order as any order that "(1)

**2.** The Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, a practice or procedure of the Board was not followed or

the findings of fact are not supported by substantial evidence in the record. *Helvetia Coal Co. v. Workers' Compensation Appeal Board (Learn),* 913 A.2d 326 (Pa.Cmwlth.2006).

disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule [determination of finality by the trial court or other governmental unit]."

A Board order remanding a matter to a WCJ for further proceeding is an unappealable interlocutory order unless it falls within one of the exceptions set forth in Pa. R.A.P. 311(f). *Romine v. Workers' Compensation Appeal Board (CNF, Inc./Potato Sack)*, 798 A.2d 852 (Pa. Cmwlth.2002). Pa. R.A.P. 311(f) provides:

> An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal *in a manner that does not require the exercise of administrative discretion;* or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that *decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed.* (Emphasis added.)

Discouraging interlocutory appeals avoids piecemeal determinations and protracted litigation and thus "furthers the goals of judicial economy." *Stevenson v. General Motors Corp.*, 513 Pa. 411, 417, 521 A.2d 413, 416 (1987).

■ It is well settled that the WCJ exercises administrative discretion "[i]n taking evidence and in assessing its credibility and weight. . . ." *Williams v. Workers' Compensation Appeal Board (Center City Constr. Co.)*, 781 A.2d 251, 252 (Pa. Cmwlth.2001). Therefore, when a WCJ is required to take evidence on remand, the Board's remand order is not appealable under Rule 311(f)(1). *See, e.g., Compservices, Inc. v. Workers' Compensation Appeal Board (Hoffmaster–Bellini)*, 836 A.2d 170 (Pa.Cmwlth.2003) (holding that order affirming in part a WCJ's grant of review and penalty petitions and remanding for award of attorney's fees was unappealable interlocutory order); *Williams* (holding that order affirming a WCJ's grant of claim petition in part and remanding to determine the amount of employer's credit for claimant's post-injury earnings was unappealable); *P.R. Hoffman Materials v. Workmen's Compensation Appeal Board (Zeigler)*, 694 A.2d 358 (Pa.Cmwlth.1997) (holding that order affirming a WCJ's grant of benefits and remanding to determine a penalty amount was unappealable).[3]

Section 440(a) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996(a), authorizes the WCJ to award a reasonable sum for litigation costs to a claimant in whose favor a matter at issue is finally determined in whole or in part. In determining the reasonable amount of litigation costs, the WCJ must give an employer an opportunity to dispute the costs submitted by a claimant. *St. Mary's Home of Erie v. Workmen's Compensation Appeal Board (Stadtmiller)*, 683

---

3. *Compare SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls)*, 728 A.2d 385 (Pa.Cmwlth.1999) (holding that the Board's order reversing the WCJ's denial of the claim petition and remanding for entry of an appropriate award was appealable because mere computation of benefits did not require exercise of administrative discretion); *Carpenter Tech. Corp. v. Workers' Compensation Appeal Board (Santoro)*, 751 A.2d 710 (Pa.Cmwlth.

2000) (concluding that the Board's order remanding for clarification of the assessed attorney's fees did not require the WCJ's exercise of administrative discretion). *See also* Note to Rule 311 listing the Board's order reinstating compensation and remanding "for computation of benefits" as an example of an order that does not require exercise of administrative discretion.

A.2d 1266 (Pa.Cmwlth.1996). The reasonableness of litigation costs is a factual determination to be made by the WCJ, and the Court will not interfere with the "discretionary" award of litigation costs if they are reasonable. *Select Security, Inc. v. Workers' Compensation Appeal Board (Kobrin)*, 901 A.2d 1129, 1134 (Pa.Cmwlth. 2006).

This case is procedurally similar to *Jones v. Workers' Compensation Appeal Board (Steris Corp.)*, 874 A.2d 717 (Pa. Cmwlth.2005), in which the claimant appealed the Board's order affirming the WCJ's grant of the claim petition in part and remanding for the WCJ's calculation and award of litigation costs. Although the WCJ had already determined that litigation costs submitted by the claimant were reasonable, the Court quashed the appeal and stated:

> Although Claimant's costs have been found reasonable in the abstract, there has been no determination by the WCJ as to whether they were incurred on the winning issue or the losing issue. For litigation costs to be reasonable, the WCJ must ascertain the extent to which they relate to the "matter at issue" on which Claimant prevailed.... This determination requires the WCJ to exercise discretion on remand and, therefore, Claimant may not appeal this interlocutory order.

*Id.* at 721–722. Similarly, under the Board's remand order issued in this proceeding, the WCJ is required to exercise administrative discretion in permitting Claimant to submit litigation costs, to provide Employer an opportunity to raise any objections to the submitted costs and to determine a reasonable amount of litigation costs incurred by Claimant in successfully pursuing the claim petition. Therefore, the Board's order is unappealable as of right under Rule 311(f)(1).

Furthermore, the Board's remand order did not require the WCJ to decide an issue that would ultimately evade appellate review. Claimant may challenge the WCJ's remand decision in an appeal to the Board. Claimant also has preserved the issues that she raised on the merits of her appeal. *See Bittinger v. Workers' Compensation Appeal Board (Lobar Assocs., Inc.)*, 932 A.2d 355 (Pa.Cmwlth.2007) (holding that claimant properly preserved issue raised in the initial appeal although not raised again before WCJ on remand and before Board upon appeal from remand decision). *Compare Lewis v. School District of Philadelphia*, 690 A.2d 814 (Pa.Cmwlth.1997) (holding that part of trial court's remand order directing board of education to hold a hearing was appealable as claim that the board was not required to hold a hearing would become moot after a remand hearing). Hence, the Board's remand order is unappealable as of right under Rule 311(f)(2). Because Claimant's appeal is not permitted as of right under Rule 311(f), the Court must quash her petition for review.

### ORDER

AND NOW, this 4th day of December, 2007, the Court quashes the petition for review filed by Virginia Peterson as her appeal is taken from an interlocutory order of the Workers' Compensation Appeal Board, which is unappealable as of right under Rule 311(f) of the Pennsylvania Rules of Appellate Procedure.