IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Dolquist,                          :
                    Petitioner           :
                                         :
          v.                             :
                                         :
Workers' Compensation Appeal Board        :
(City of New Castle, National Union       :
Fire Insurance Company of Pittsburgh,     :
PA C/O AIG, Broadspire Services, Inc.),:   No. 1086 C.D. 2019
                    Respondents          :   Submitted: December 13, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: May 1, 2020


          Terry Dolquist (Claimant) petitions for review of the July 18, 2019 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the workers' compensation judge (WCJ) to deny Claimant's claim petition for workers' compensation benefits filed against the City of New Castle (City or Employer) under the Workers' Compensation Act.[1]  Upon review, we quash Claimant's petition for review.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Claimant worked for the City as a full-time police officer. WCJ's Decision & Order at 5, Reproduced Record (R.R.) at 278a. On July 7, 2016, Claimant suffered a stroke while driving from his home to a nearby YMCA for rescue diver training provided by the City. *Id.* On August 1, 2016, Claimant, through his union, reported the claim to the City and submitted requests for both workers' compensation benefits and what are commonly known as Heart and Lung Act[2] benefits. WCJ's Decision & Order at 6, R.R. at 279a. Claimant missed work from July 7, 2016 through August 8, 2016, when he returned to light-duty work. Claim Petition at 3, Certified Record (C.R.) at 8.[3] Claimant used paid leave during this absence, which was not refunded. *Id.* Following the advice of his doctor, Claimant left work again on August 28, 2016, returning to full-duty work on March 3, 2017. *Id.*

Around this time, Claimant spoke with police chief Robert Salem and with City Solicitor Jason Medure about receiving both Heart and Lung Act and workers' compensation benefits. WCJ's Decision at 6, R.R. at 279a. The City's workers' compensation insurer determined that Claimant's July 7, 2016 stroke was not work-related. *Id.* Claimant was not aware of this denial until commencing these proceedings and did not receive an independent medical evaluation. *Id.* Ultimately, the City voluntarily agreed to pay Claimant Heart and Lung Act benefits for his July 7, 2016 injury, and Claimant received these benefits from September 30, 2016 to

---

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. § 637-638. The Heart and Lung Act provides police officers with full compensation when they are temporarily disabled due to injuries sustained in the performance of their duties. *See* Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a); *Gwinn v. Pa. State Police*, 668 A.2d 611 (Pa. Cmwlth. 1995).

[3] Our citations to the Certified Record reference the page numbers of the PDF document, as the record is not paginated.

March 3, 2017.[4]  *Id.*  Claimant's medical bills were submitted to, and paid by, his Employer-provided health insurance, but Claimant incurred out of pocket expenses for deductibles and co-payments.  Claim Petition at 4, C.R. at 9; Transcript of Testimony (T.T.), 9/6/17 at 18, R.R. at 184a; T.T., 8/2/17 at 34, R.R. at 143a.

On June 16, 2017, Claimant filed a claim petition for workers' compensation, seeking wage and medical benefits for his injury under the Workers' Compensation Act, as well as attorneys' fees for unreasonable contest.  Claim Petition at 1 & 4, C.R. at 6 & 9.  Claimant further asserted that the City's voluntary acceptance of his injury claim for payment of Heart and Lung Act benefits collaterally estopped the City and its workers' compensation insurer from denying Claimant's workers' compensation benefits for the same injury.  Claim Petition at 4, C.R. at 9 (citing *City of Nanticoke v. Workers' Comp. Appeal Bd. (Ziolkowski)*, 828 A.2d 462 (Pa. Cmwlth. 2003)).  The City filed an answer to the claim petition denying the material averments.  Employer's Answer to Claim Petition at 1, C.R. at 14.

The WCJ conducted a hearing on August 2, 2017, at which the parties agreed to bifurcate the case to first address the issue of collateral estoppel.  WCJ's Decision & Order at 18, R.R. at 291a.  At a subsequent hearing on September 6, 2017, City Solicitor Medure explained that he and Employer "decided to go the Heart and Lung route in order to not have any litigation or problems with the union." T.T., 9/6/17 at 18, R.R. at 184a.  City Solicitor Medure testified that he would not have recommended paying Claimant Heart and Lung Act benefits had he known that this decision would result in Claimant's contention that such payments collaterally

---

[4] The paystubs documenting Claimant's receipt of benefits are marked "WC," yet reflected payment of full salary without tax in accordance with the Heart and Lung Act.  Claim Petition at 3, C.R. at 8; WCJ's Decision & Order at 6, R.R. at 279a.

3

estopped Employer from denying him workers' compensation benefits, and that he would "never . . . provide this opportunity for any City employee ever again." T.T., 9/6/17 at 19, R.R. at 185a. The parties scheduled mediation for October 2, 2017 to "close the record on the bifurcation issue." T.T., 9/6/17 at 30, R.R. at 196a.

Meanwhile, in November and December 2017, Claimant received reports from several doctors that he could no longer continue full-duty work as a police officer. WCJ's Decision & Order at 8, R.R. at 281a. On November 17, 2017, the City assigned Claimant to desk work. *Id.* Claimant retired from the police force on February 15, 2018, accepting a disability pension and taking on seasonal, part-time employment outside the police force. *Id.*

On July 23, 2018, the WCJ issued a decision regarding the collateral estoppel issue. WCJ's Decision & Order at 26, R.R. at 299a. The WCJ determined that Claimant failed to establish that the payment of Heart and Lung Act benefits collaterally estopped Employer from denying workers' compensation benefits. WCJ's Decision & Order at 25, R.R. at 298a. The WCJ noted that "[t]his matter is not ripe for any determination regarding Claimant's alleged ongoing disability as all parties specifically agreed to bifurcate this case as to the collateral estoppel issue," such that collateral estoppel was the "sole issue under review." WCJ's Decision & Order at 24, R.R. at 297a. The WCJ further noted that the circumstances of the case "support the denial of the Claim Petition, not on its merits, but merely on the basis that the City is not collaterally estopped from denying workers' compensation benefits where Heart and Lung Act benefits had been previously granted." WCJ's Decision & Order at 25, R.R. at 298a. Although the case was bifurcated for consideration of the collateral estoppel issue, the WCJ in his order proceeded to

4

seemingly address the merits of the case and stated that "[t]he [c]laim [p]etition is hereby denied." WCJ's Decision & Order at 26, R.R. at 299a.

Claimant appealed and the Board affirmed the WCJ's decision and order on July 18, 2019. Claimant's Appeal to the Board, 8/2/18, R.R. at 300a; Board's Opinion & Order at 14, R.R. at 377a. The Board agreed with the WCJ that the City was not collaterally estopped from denying workers' compensation benefits. Board's Opinion & Order at 12-13, R.R. at 375a-76a.

Before this Court,[5] Claimant argues that the Board erred in determining that the voluntary payment of Heart and Lung Act benefits did not collaterally estop Employer from denying Claimant workers' compensation benefits. *See* Claimant's Brief at 16-53. Claimant also contends that the Board erred in affirming the denial of his claim petition when the substantive portion of the case was preserved for adjudication in accordance with the parties' agreement to bifurcate. *See id.* at 54-55. Claimant asserts the WCJ and both parties "understood that after mediation was attempted that the record would close as to the bifurcation issue, but not the whole [c]laim." *Id.* at 54 (citing T.T., 9/6/17 at 30, R.R. at 196a; Employer's Proposed Finding of Fact No. 11, R.R. at 265a). Claimant therefore maintains that the WCJ denied his claim petition "not on its merits, but merely on the basis that the City is not collaterally estopped from denying workers' compensation benefits w[h]ere Heart and Lung Act benefits had been previously granted." *Id.* at 54-55 (quoting WCJ's Decision & Order at 23, R.R. 298a).

---

[5] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 605 n.6 (Pa. Cmwlth. 2018); *see also* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Employer counters that the Board did not err in affirming the WCJ's decision that Employer was not collaterally estopped from denying Claimant workers' compensation benefits. *See* Employer's Brief at 11-22. Further, Employer argues that Claimant waived the argument that the WCJ erred in denying the claim petition before evaluating its merits, as Claimant failed to raise this issue in his appeal to the Board, instead raising it for the first time before this Court. *Id.* at 23-24.

Before we reach the merits of these arguments, however, we must first determine whether Claimant's petition for review is properly before us. This Court has exclusive jurisdiction to hear appeals from final orders of government agencies. Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a). "[A]n appeal may be taken as of right from any final order of a government unit[.]" Pa.R.A.P. 341(a). "A final order is any order that . . . disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b).

Here, we conclude that the WCJ's July 23, 2018 order was not a final order, but instead constitutes an unappealable, interlocutory order. The parties agreed to bifurcate the case so that, prior to deciding the merits of the claim petition, the WCJ would decide whether the voluntary payment of Heart and Lung Act benefits to Claimant collaterally estopped Employer from denying Claimant workers' compensation benefits. The text of the WCJ's order does not acknowledge the parties' agreement to bifurcate, and merely states that "[t]he Claim Petition is hereby denied." WCJ's Decision & Order at 26, R.R. at 299a. When read in isolation, the language of the WCJ's order misleadingly appears to dispose of the claim petition in its entirety. However, the WCJ specifically noted in his decision that "[t]his matter is not ripe for any determination regarding Claimant's alleged

6

ongoing disability as all parties specifically agreed to bifurcate this case as to the collateral estoppel issue." WCJ's Decision & Order at 22, R.R. at 297a. The WCJ further stated that collateral estoppel was "the sole issue under review," such that "the denial of the Claim Petition [was] not on its evidentiary merits[.]" WCJ's Decision & Order at 24, R.R. at 297a.

"Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone[.]" *Pugar v. Greco*, 394 A.2d 542, 545 (Pa. 1978). Rather, "[t]he finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Id.* (citation omitted). "A final order is one which ends the litigation, or alternatively, disposes of the entire case." *Piltzer v. Indep. Fed. Sav. & Loan Ass'n of Phila.*, 319 A.2d 677, 678 (Pa. 1974). In other words, "an order is interlocutory and not final unless it effectively puts the defendant 'out of court.'" *Id.* (quoting *Ventura v. Skylark Motel, Inc.*, 246 A.2d 353, 355 (Pa. 1968)) (brackets omitted). Further, "an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case the claimed right will be irreparably lost." *Pugar*, 394 A.2d at 545 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)) (holding that an order constituted an unappealable, interlocutory order where the order satisfied the first two of the above-listed factors, but not the third).

Here, the WCJ's order did not put Claimant "out of court" or dispose of the entire case. *See Piltzer*, 319 A.2d at 678. Rather, as acknowledged by the WCJ in his own decision, the merits of the claim petition remained pending before the WCJ in accordance with the parties' agreement to bifurcate. *See Levitt v. Patrick*,

7

976 A.2d 581, 588 (Pa. Super. 2009) (citing Pa.R.A.P. 341 and stating, "[i]f any claim remains outstanding and has not been disposed of by the [lower tribunal], *then it does not matter whether the claim is classified as . . . a bifurcated claim*," as the appellate "[c]ourt lacks jurisdiction to entertain the appeal") (emphasis added). As a result of the parties' agreement to bifurcate, the only issue before the WCJ was whether Employer's voluntary payment of Heart and Lung Act benefits collaterally estopped Employer and its workers' compensation insurer from denying Claimant workers' compensation benefits for the same injury and, therefore, the WCJ could not render a decision on the merits of the Claim Petition. To the extent that the WCJ's order was interlocutory and not appealable, the Board lacked jurisdiction to consider Claimant's appeal therefrom and its order affirming the WCJ must be vacated.

Further, postponing review of Claimant's "claimed right"—that the voluntary payment of Heart and Lung Act benefits collaterally estopped Employer from denying Claimant workers' compensation benefits—until after the WCJ addresses the merits of the claim petition would not irreparably foreclose review thereof. *See Pugar*, 394 A.2d at 545; *see also Swartz v. Workers' Comp. Appeal Bd. (Cheltenham York Rd. Nursing & Rehab.)*, 869 A.2d 35, 37 (Pa. Cmwlth. 2005) (noting that an order is interlocutory where "it could be appealed together with the merits of the primary petition"). "Once an appeal is filed from a final order, all prior interlocutory orders become reviewable." *Duquesne City Sch. Dist. v. Comensky* (Pa. Cmwlth., No. 1587 C.D. 2010, filed Feb. 24, 2012), slip op. at 5 (citing *In re Bridgeport Fire Litigation*, 8 A.3d 1270, 1278 (Pa. Super. 2010)). Moreover, "[d]iscouraging interlocutory appeals avoids piecemeal determinations and protracted litigation," thereby "further[ing] the goals of judicial economy." *Peterson*

8

*v. Workers' Comp. Appeal Bd. (Wal Mart & CMI, Inc.)*, 938 A.2d 512, 515 (Pa. Cmwlth. 2007) (quoting *Stevenson v. Gen. Motors Corp.*, 521 A.2d 413, 416 (Pa. 1987)); *see also* Section 131.53b(a) of Special Rules of Administrative Practice and Procedure before WCJs, 34 Pa. Code § 131.53b(a) (stating that "[t]he [WCJ] may, upon request or upon the judge's own motion, consider bifurcation of issues to promote *expeditious* resolution of cases") (emphasis added). We therefore conclude that Claimant's appeal is not properly before us. *See Kuzo v. Workers' Comp. Appeal Bd. (St. Luke's Miner's Mem'l Med Ctr.)*, 936 A.2d 1216, 1218 (Pa. Cmwlth. 2007) (finding this Court lacked jurisdiction to consider claimant's appeal from an order of the Board affirming an interlocutory order issued by a WCJ).

Accordingly, because the WCJ's order was interlocutory and not appealable, we vacate the Board's order and quash Claimant's petition for review.[6]


_____
CHRISTINE FIZZANO CANNON, Judge


Judge McCullough did not participate in this decision.

---

[6] Although neither party raises the question of whether the WCJ's order was interlocutory, we note that we may *sua sponte* quash Claimant's petition for review of the Board's affirmance of the WCJ's unappealable, interlocutory order, as "the question of the appealability of an order goes to the jurisdiction of the court requested to address the question." *Knisch v. Workmen's Comp. Appeal Bd. (Jerome Enterprises)*, 536 A.2d 856, 858 (Pa. Cmwlth. 1988) (citing *Fried v. Fried*, 501 A.2d 211 (Pa. 1985)).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Dolquist,                                          :
              Petitioner                     :
                                  :
           v.                                         :
                                  :
Workers' Compensation Appeal Board  :
(City of New Castle, National Union      :
Fire Insurance Company of Pittsburgh,  :
PA C/O AIG, Broadspire Services, Inc.), :   No. 1086 C.D. 2019
              Respondents                :

## O R D E R

AND NOW, this 1st day of May, 2020, the July 18, 2019 order of the Workers' Compensation Appeal Board (Board) is vacated and Terry Dolquist's petition for review of the Board's order is quashed for the reasons set forth in the Opinion. The matter is remanded to the Board, with specific instruction to remand to the Workers' Compensation Judge, for consideration of the merits.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge